In the Matter of the Claim of ROBERT WHITE, Respondent, against EDSON BARRETT, Respondent, and GLENS FALLS INDEMNITY COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the compensation insurance carrier from a decision and award of the Workmen's Compensation Board. The only question presented is whether the accident and injury suffered by the claimant was within the coverage of the policy issued by the carrier to the employer. The employer owned and operated five dairy farms. In connection therewith he regularly employed a maintenance crew of several men

as distinguished from regular farm labor. He kept two payroll records, one for the maintenance employees and one for the regular farm employees. The construction of a new barn on one of the farms was started in July, 1950. The employer authorized his maintenance foreman to engage an additional maintenance man, and claimant was employed to start work on September 15, 1950, as a carpenter's helper. He had done some work in connection with the construction of the new barn. By virtue of a separate arrangement with the employer, claimant also helped with the milking and chores mornings and nights before and after his hours as maintenance man, for which he received the use of a house on the employer's premises, his milk, lights, fuel and meat. Because of weather conditions, silo filling operations had been delayed, and in this emergency the employer directed claimant and several other maintenance employees to assist in this work. On October 20, 1950, while unloading ensilage into a blower, claimant sustained serious injuries for which this award had been made. The policy issued by appellant was the standard compensation insurance form and covered maintenance men, helpers and carpenters NOC (not otherwise classified). It is the contention of appellant that because claimant was injured while performing farm work his accident and injuries are not within the coverage of the policy. It is conceded that claimant was hired as a maintenance man and as a carpenter's helper. He was carried on the maintenance payroll which was audited by the insurance company and the premium based thereon, including claimant's wages, was paid. It is likewise undisputed that at the time of his injury claimant was actually performing farm work during the hours when he would ordinarily be engaged in maintenance work. The board has found that claimant's main employment was that of a carpenter and maintenance man, and that he is an employee covered under the Workmen's Compensation Law and by the policy in question. Ordinarily the general character of the original employment controls and not the specific task which the employee was performing at the time of the injury. A temporary diversion at the direction of the employer upon the employer's premises does not exclude the employee from coverage. Certainly a question of fact was presented as to the nature of claimant's employment, and there is evidence in the record to adequately support the findings of the board. Decision and award unanimously affirmed, with one bill of costs to be divided among respondents filing briefs, and with printing disbursements to each. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.