In the Matter of the Claim of BEULAH R. LOWE, Respondent, v. CHESTER C. DAVIS et al., Appellants, and ÆTNA CASUALTY AND SURETY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and the Sun Insurance Company from a decision of the Workmen's Compensation Board holding the Sun Insurance Company rather than the Ætna Casualty and Surety Company responsible for the award rendered. The employer, operating a law office in New York City and also a farm at Unadilla, New York, carried separate compensation policies for each employment situs; the farm coverage with respondent Ætna and the law office coverage with appellant Sun. Claimant, a bookkeeper employed regularly at the law office in New York, travelled once each year to the farm to take an inventory. While so engaged on January 11, 1964, claimant fell and sustained the injuries for which compensation was awarded. The sole question raised here is the propriety of the board's holding that Sun, rather than Ætna, was responsible for coverage for the injuries sustained. The question of an employee's status is factual and thus for the board's resolution if its decision is supported by substantial evidence (see *Matter of White* v. *Barrett*, 285 App. Div. 909). Here taking the inventory at the farm was a once a year departure from claimant's main employment situs in New York City; the employer in his report of the injury listed his business as a law firm and claimant as an employee thereof, and claimant's salary was paid solely from the law firm and was thus included exclusively in the payroll upon which appellant Sun's premium was computed. On this state of the record the board could properly find that claimant remained an employee of the law firm while on temporary assignment to the farm (see *Matter of White* v. *Barrett*, supra; 1 Larson, Workmen's Compensation Law, § 53.40, pp. 782–783). Decision affirmed, with costs to respondent Ætna Casualty and Surety Company. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.