Clark v. Mills, Inc.

---

LOUVINIA CLARK, Employee v. WAVERLY MILLS, INC., Employer; AND HARDWARE MUTUAL CASUALTY COMPANY, Carrier

No. 7116IC676

(Filed 20 October 1971)

1. **Master and Servant §§ 54, 55— workmen's compensation — employees excluded from benefits**

    For an employee to be excluded from benefits under the Workmen's Compensation Act, his employment must be casual and not in the course of the trade, business, profession or occupation of his employer. G.S. 97-2(2).

2. **Master and Servant § 54— workmen's compensation — casual employment — preparation for annual picnic**

    Plaintiff's employment for a period of only two days to help prepare for the annual company picnic was casual employment.

3. **Master and Servant § 55— workmen's compensation — preparation of food for annual picnic — course of employer's business**

    Plaintiff's employment to help prepare food for the annual company picnic was not employment within the course of the employer's usual business of manufacturing.

APPEAL by plaintiff from order of Industrial Commission filed 16 March 1971.

Plaintiff seeks compensation for an injury to her left hand sustained on 28 June 1969 while she was preparing slaw for defendant employer's annual July 4th picnic. Commissioner Stephenson filed an order 7 October 1970 in which he denied Workmen's Compensation benefits after finding and concluding that at the time of the injury plaintiff was a casual employee and was not employed in the regular course of her employer's business. Plaintiff appealed to the Full Commission and on 16 March 1971 the Full Commission filed its order adopting the findings and conclusions made by Mr. Stephenson and affirming the denial of benefits. Plaintiff appealed to this Court.

*Lindsey, Schrimsher, Erwin and Bernhardt by Fenton T. Erwin, Jr., for plaintiff appellant.*

*Craighill, Rendleman & Clarkson by Francis O. Clarkson, Jr., for defendant appellees.*

GRAHAM, Judge.

[1] For an employee to be excluded from benefits under the Workmen's Compensation Act his employment must be casual,

and in addition thereto, not in the course of the trade, business, profession or occupation of his employer. G.S. 97-2(2) ; *Johnson v. Hosiery Company,* 199 N.C. 38, 153 S.E. 591.

Plaintiff contends the Commission erred in finding and concluding that her employment was casual and not in the course of defendant employer's business. The following facts found in the Commission's order are not in dispute:

Defendant employer is in the business of manufacturing synthetic yarn and cotton goods in the Town of Laurinburg and is not in the food service or restaurant business. For approximately thirty years on each July 4th, the employer has held a picnic and field day to promote goodwill and better employee relations. A free barbecue lunch is served to everyone having a ticket. Tickets are distributed free to all employees, their families, area municipal and county officials, physicians and others selected by the employer. The barbecue is prepared by employees under the direction of the employer's maintenance foreman and records clerk.

During the week of 23 June 1969 plaintiff was on vacation from her full-time employment at Woonsocket Mills in Charlotte and was visiting her mother in Laurinburg. On 26 June 1969 the employer's maintenance foreman asked plaintiff to assist in preparing food for the annual picnic. Plaintiff agreed to help. Nothing was said about the rate of pay but it was understood that plaintiff was to be employed only two days and that she would return to her regular employment with Woonsocket Mills at the end of her vacation period. While engaged in food preparation on 28 June 1969 plaintiff sustained the injury for which she now seeks compensation.

The first question is whether the facts support the Commission's finding and conclusion that plaintiff's employment was casual and not within the course of the employer's business.

"Employment is 'casual' when it is irregular, unpredictable, sporadic and brief in nature." 1A Larson, Workmen's Compensation Law, § 51.00, p. 909. Casual employment is defined in Black's Law Dictionary, Rev. 4th Ed., p. 275, as "[e]mployment at uncertain times or irregular intervals . . . by chance, fortuitously, and for no fixed time . . . not in usual course of trade, business, occupation or profession of employer . . . for short time . . . occasional, irregular or incidental employment. . . . "

[2] Plaintiff's employment for a period of only two days to help prepare for the annual company picnic was strictly a chance employment for a brief period of time. It was not the sort of work that plaintiff could rely upon as a regular source of income. There was no reasonable probability that she would be employed in future years to assist in preparing for the annual picnics. Thus, plaintiff's employment was not even periodically regular. We hold that under these circumstances, the Commission correctly determined plaintiff's employment to have been "casual" within the meaning of G.S. 97-2(2).

[3] Whether plaintiff's employment was in the course of the employer's business presents a more difficult question. "When one's business is the subject of common speech, no one can be in doubt as to the reference. It would be a very exceptional person . . . who would not understand that the reference is to the habitual or regular occupation that the party was engaged in with a view to winning a livelihood or some gain." *Marsh v. Groner,* 258 Pa. 473, 478, 102 A. 127, 129.

Certainly sponsoring and paying for a picnic for the optional pleasure of its employees and selected community citizens is not an essential part of the employer's habitual and regular business of manufacturing yarn and cotton goods.

Plaintiff contends, however, that since the purpose of the picnic is to promote goodwill and improve employee relations, employment connected with the picnic should be considered employment within the course of the employer's business. While it is undoubtedly true that sponsoring an annual picnic results in some incidental benefits to the employer in the form of improved public relations and employee relations, it can hardly be said, at least from this record, that it is calculated to further the employer's business to such an appreciable extent as to make it an expectable, common, routine or inherent part of carrying on that business.

Plaintiff relies strongly on the case of *Johnson v. Hosiery Company, supra.* There an employee was injured while temporarily employed to paint the ceiling of the employer's machine room a light color in order to add to the safety and facility of operation. An official of the employer, when asked whether he considered painting the mill as incidental to operation, testified: "Yes, sir, it would be a part of the maintenance of the mill the

same as it is necessary to keep the roof repaired." The Supreme Court affirmed an award of compensation based upon a finding that the employee was engaged in the course of the employer's business. The distinction in that case lies in the fact that general acts of maintenance, repair, painting, cleaning, and the like are " 'in the course' of business because the business could not be carried on without them, and because they are an expectable, routine, and inherent part of carrying on any enterprise." 1A Larson, Workmen's Compensation Law, § 51.23, p. 919. Preparing food for an annual employee outing, unlike plant maintenance activities, simply does not constitute engaging in a function inherent in the employer's usual business of manufacturing.

The findings by the Commission with respect to the crucial questions involved are supported by the evidence and the findings support the Commission's determination that plaintiff's employment was not covered by the Workmen's Compensation Act.

Affirmed.

Judges BROCK and VAUGHN concur.