PERRY H. MURRAY, EMPLOYEE-PLAINTIFF v. T. ORAS BIGGERSTAFF D/B/A BIG-
    GERSTAFF'S GIN AND SEED CLEANER, EMPLOYER-DEFENDANT, AND
    LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER-DEFENDANT

No. 8510IC1105

(Filed 17 June 1986)

1. **Master and Servant § 55.4— workers' compensation—employee's accident aris-
ing out of and in course of employment**

    Evidence was sufficient to support the deputy commissioner's findings
    which in turn supported the conclusion that plaintiff suffered an injury by acci-
    dent arising out of and in the course of employment where the evidence tend-
    ed to show that plaintiff was a full-time employee of defendant and had been
    so employed for three months prior to the accident; he worked on Saturdays
    by choice and with the agreement of his employer; he was not merely a casual
    employee; plaintiff's injury occurred while he was "bush hogging" a field
    leased by his employer; though not one of his normal job duties, "bush hog-
    ging" was related to his employer's business; and the injury occurred during
    plaintiff's normal Saturday hours while he was performing a task at the direc-
    tion of his employer.

2. **Master and Servant § 49.1— workers' compensation—processing agricultural
commodities for seed—employee not farm laborer**

    Plaintiff was not a farm laborer and therefore excluded from workers'
    compensation coverage under N.C.G.S. § 97-13(b) where plaintiff's work in-
    volved the commercial processing of agricultural commodities for seed; further-
    more, the fact that plaintiff was operating a tractor in a field in which crops
    were eventually to be planted did not make his labor farm labor within the
    meaning of the statute, since plaintiff's injury occurred during a one time ex-
    cursion out of the ginning process and into an activity more akin to farming or
    agricultural labor.

APPEAL by defendants from Opinion and Award of Industrial
Commission filed 5 April 1985. Heard in the Court of Appeals 5
May 1986.

Defendants appeal from an award to the plaintiff. The parties
stipulated that the injury arose by accident on 6 August 1983 and
that the workers' compensation carrier for defendant-employer
was Lumbermens Mutual Casualty Company.

Plaintiff began working for Oras Biggerstaff d/b/a Bigger-
staff's Gin and Seed Cleaner on 2 May 1983. Plaintiff's duties
included processing soybeans, oats and barley through a gin, bag-
ging the seeds and other by-products of the process, stacking the

bags, and loading and unloading the bags from trucks. Plaintiff had asked his employer if he could work on Saturdays to earn some extra money and Mr. Biggerstaff agreed. Plaintiff was the only employee who worked on Saturdays.

On Saturday, 6 August 1983, plaintiff reported to work. Since the only other work available involved lifting heavy machinery which required more than one employee and plaintiff was the only employee present, Mr. Biggerstaff instructed the plaintiff to "bush hog" in the area around the gin and in a field that Mr. Biggerstaff leased.

"Bush hogging" involves mowing down high weeds with a heavy rotary mower ("bush hog") attached to the back of the tractor. The plaintiff had never used a "bush hog" before. The plaintiff proceeded to first "bush hog" in the area around the gin and then moved on into the field. While "bush hogging" in the field the front wheels of the tractor hit a gully hidden by high weeds causing the tractor's steering wheel to turn abruptly, catching plaintiff's arm within the steering wheel and throwing plaintiff off and under the tractor. The "bush hog" mower ran over plaintiff's right leg causing a laceration from hip to foot. Plaintiff was hospitalized for seven weeks.

Deputy Commissioner Sellers found as fact that plaintiff was an employee of Biggerstaff Gin and Seed Cleaner when he sustained his injury by accident arising out of and in the course of employment. The deputy commissioner awarded to plaintiff temporary total disability compensation at a weekly rate of $95.13 beginning 7 August 1983 and continuing until plaintiff reached maximum medical improvement or returned to work, whichever occurred first. In addition, the deputy commissioner awarded plaintiff compensation for permanent partial disability sustained as a result of the injury by accident. On appeal the Full Commission adopted the findings and conclusions of the deputy commissioner and affirmed the award of benefits. Defendants appealed.

*Jim R. Funderburk for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe by Scott M. Stevenson for defendant-appellants.*

EAGLES, Judge.

I

[1]  We first consider whether plaintiff sustained an injury arising out of and in the course of his employment with Biggerstaff Gin and Seed Cleaner. Defendants contend that plaintiff's injuries occurred while performing a task outside his regular job duties and that therefore plaintiff's employment was casual which would exclude plaintiff from benefits under the Workers' Compensation Act (the Act) pursuant to G.S. 97-13(b). We disagree.

The standard of review on appeal from an opinion and award of the Industrial Commission is two-fold: (1) are the findings of fact supported by competent evidence, and (2) are the conclusions of law supported by the findings. *Barham v. Food World*, 300 N.C. 329, 266 S.E. 2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E. 2d 105 (1980). "Whether an injury arose out of and in the course of employment is a mixed question of law and fact, and where there is evidence to support the Commissioner's findings in this regard, we are bound by those findings." *Id.* at 331, 266 S.E. 2d at 678.

Deputy Commissioner Sellers' findings of fact include the following:

1. Plaintiff began working for the defendant-employer, Oras Biggerstaff, d/b/a Biggerstaff's Gin and Seed Cleaner on 2 May 1983 assisting in the processing of soybeans, oats and barley. This job required placing the product into shoots for cleaning, bagging up the seeds and as well as the trash, stacking bags, and loading and unloading the trucks. On occasion plaintiff worked a six-day week.

2. When plaintiff reported to work on Saturday, 6 August 1983, the only work inside the gin to be done involved heavy lifting of new equipment requiring the strength of two individuals and, there being no other employees present, Oras Biggerstaff instructed plaintiff to "bush hog" the area around the gin building and a field which Biggerstaff rented.

3. While "bush hogging" in the latter location, the front wheels of the tractor hit a gully hidden by high weeds causing the steering wheel to abruptly turn, catching plaintiff's arm within the wheel, and then throwing him off and under

the tractor where he was run over by a portion of the vehicle. He sustained a laceration of this right leg from the hip to his foot for which he was hospitalized for a period of at least seven weeks.

4. Plaintiff was paid for his services on this day by a check drawn on the account of Biggerstaff's Gin and Seed Cleaner, just as he had always been paid. Plaintiff had not done "bush hogging" on any prior occasion, as he had always performed the tasks involved directly in the ginning process.

The deputy commissioner then found as fact and concluded as a matter of law that plaintiff sustained an injury arising out of and in the course of his employment.

A compensable injury under the Act is one that arises out of and in the course of employment. G.S. 97-2(6). The two requirements are separate and distinct and both requirements must be met in order for the injury to be compensable. *Barham, supra.* Casual employees are excluded from coverage under the Act. G.S. 97-13(b).

"An injury arises out of employment when it is the result of a condition or risk created by the job." *Martin v. Bonclarken Assembly,* 296 N.C. 540, 544, 251 S.E. 2d 403, 405 (1979). For an injury to "arise out of" employment there must be some causal connection between employment and the injury. *Bare v. Wayne Poultry Co.,* 70 N.C. App. 88, 318 S.E. 2d 534 (1984), *disc. rev. denied,* 312 N.C. 796, 325 S.E. 2d 484 (1985). "The words 'in the course of,' as used in G.S. 97-2(6), refer to the time, place and circumstances under which the accident occurred." 296 N.C. at 544, 251 S.E. 2d at 405. "An accident arises out of and in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business." *Id.* (quoting *Perry v. Bakeries Co.,* 262 N.C. 272, 274, 136 S.E. 2d 643, 645 (1964)). Employment is casual when it is irregular, unpredictable, sporadic and brief in nature. *Clark v. Mills, Inc.,* 12 N.C. App. 535, 183 S.E. 2d 855 (1971).

Here, there is competent evidence to support the deputy commissioner's findings and the findings support the conclusion that plaintiff suffered an injury by accident arising out of and in

the course of employment. All of the evidence discloses that plaintiff was a full-time employee of Biggerstaff Gin and Seed Cleaner and had been so employed three months prior to the accident. He worked on Saturdays by choice and with the agreement of his employer. He was not merely a casual employee. His employment was neither irregular, unpredictable, sporadic nor brief. *Clark, supra.*

Plaintiff's primary duties involved processing soybeans, oats and barley through the gin. However, plaintiff testified that when he was hired, his employer informed him that he might be required to do other work. On Saturday, August 6th the gin was not in operation. Mr. Biggerstaff, his employer, instructed the plaintiff to "bush hog" in the area around the gin and in a field leased by Mr. Biggerstaff. While "bush hogging" was not one of plaintiff's normal job duties, it was related to his employer's business. Plaintiff's evidence was that Mr. Biggerstaff intended to plant cotton in the field, which would later be processed through the gin and sold.

The injury occurred during plaintiff's normal Saturday work hours and in a field rented by Mr. Biggerstaff. The fact that defendant was off his employer's gin premises does not preclude a finding that the injury occurred in the course of employment. "If the employee is doing work at the direction and for the benefit of the employer, the time and place of work are for the benefit of the employer and a part of the employment of the employee. This satisfies the condition of time and place although the work is done off the premises of the employer and after regular working hours." *Brown v. Service Station,* 45 N.C. App. 255, 257, 262 S.E. 2d 700, 702 (1980). Furthermore, "the fact that the employee is not engaged in the actual performance of the duties of his job does not preclude an accident from being one within the course of employment." *Harless v. Flynn,* 1 N.C. App. 448, 456, 162 S.E. 2d 47, 53 (1968).

When the accident and resulting injury occurred, plaintiff was engaged in an activity which he was authorized and directed to undertake by his employer. The activity indirectly benefited and furthered his employer's business. The injury was, therefore, a direct result of plaintiff's employment. Accordingly, plaintiff's injury by accident arose out of and in the course of his employment.

.

## II

[2]  The second question presented for review is whether plaintiff was a farm laborer and therefore excluded from coverage pursuant to G.S. 97-13(b). Defendants contend that the activity of processing agricultural commodities like soybeans, oats and barley for seed is an agricultural activity and that therefore plaintiff is a farm laborer and excluded from coverage under G.S. 97-2(1) and G.S. 97-13(b).

Agricultural employment is excluded from the definition of covered employment under ·G.S. 97-2(1). In arguing that plaintiff's employment is agricultural, defendants rely on the definition of agriculture given in *Hinson v. Creech*, 286 N.C. 156, 209 S.E. 2d 471 (1974):

> Traditionally, agriculture has been broadly defined as "the science or art of cultivating the soil and its fruits, especially in large areas or fields, and the rearing, feeding, and management of livestock thereon, including every process and step necessary and incident to the completion of products therefrom for consumption or market and the *incidental* turning of them to account."

*Id.* at 159, 209 S.E. 2d at 474 (quoting 3 Am. Jur. 2d *Agriculture* Section 1). As further stated by the Court in *Hinson*, "the line of demarcation between agricultural and nonagricultural employment often becomes 'extremely attenuated.'" *Id.* at 160, 209 S.E. 2d at 474. "The question in marginal factual situations must frequently turn upon whether the employment is a separable, commercial enterprise rather than a purely agricultural undertaking." *Id.*

We do not believe, given the facts of this case, that the commercial processing of agricultural commodities for seed is an agricultural activity within the definition given by the Court in *Hinson, supra.* In viewing the "line of demarcation between agricultural and nonagricultural employment" we find that the gin and seed cleaner business of defendant-employer is a "separate, commercial enterprise" and not a "purely agricultural undertaking."

G.S. 97-13(b) states that the Act shall not apply to farm laborers. "Whether an employee is a farm laborer depends, in a

large degree, upon the nearness of his occupation to the planting, cultivation, and harvesting of crops." *Hinson, supra*, 286 N.C. at 158, 209 S.E. 2d at 473. In determining whether an employee is a farm laborer, emphasis is placed on the nature of the employee's work rather than the nature of the employer's business. *Id.* The nature of the employee's work is determined from the "whole character" of his employment and not from the particular work he was performing when injured. *Id.* (quoting *H. J. Heinz Co. v. Chavez*, 36 Ind. 400, 140 N.E. 2d 500 (1957)).

Examining the "whole character" of plaintiff's employment, we find that he was not a farm laborer under G.S. 97-13(b). Plaintiff was employed to process oats, soybeans and barley through the gin process, including other work incidental to the ginning operation. Plaintiff's occupation could not be characterized as being closely related to the planting, cultivating and harvesting of crops. Plaintiff's employment involved the commercial processing of agricultural commodities after they had been harvested.

We also note that the fact that plaintiff was operating a tractor in a field in which crops were eventually to be planted does not make his labor farm labor within the meaning of G.S. 97-13(b). Plaintiff's injury occurred during a one-time excursion out of the ginning process and into an activity more akin to farming or agricultural labor. However, plaintiff's temporary assignment to farm related work does not interrupt his compensation coverage. 1C A. Larson, The Law of Workmen's Compensation Section 53:40 (1986). For example, coverage has been allowed for the following agricultural excursions: A garage employee sent to clean a farm well, *Utica Mut. Ins. Co. v. Winters*, 77 Ga. App. 550, 48 S.E. 2d 918 (1948); employee at a grain elevator sent by employer to work at employer's farm, *Friend v. Industrial Commission*, 237 N.E. 2d 491 (Ill. 1968); a general maintenance man temporarily shifted to farming because of weather conditions, *White v. Barrett*, 285 App. Div. 909, 137 N.Y.S. 2d 430 (1955); a brick manufacturer's employee baling hay for the use of factory horses, *Harding v. Industrial Commission of Utah*, 83 Utah 376, 28 P. 2d 182 (1934).

We hold that the full Commission properly affirmed Deputy Commissioner Sellers' award of benefits. Plaintiff's injury arose out of and in the course of plaintiff's employment with Biggerstaff Gin and Seed Cleaner. Further, plaintiff's employment was not

agricultural and plaintiff was not a farm laborer. Accordingly, defendants' assignments of error are overruled.

Affirmed.

Judges WEBB and COZORT concur.