NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, PETITIONER-APPELLEE v. SHARON F. GREENE, RESPONDENT-APPELLANT

No. COA04-1261

(Filed 16 August 2005)

## 1. Administrative Law— judicial review—whole record test

The whole record test was to be applied by the trial court where a petitioner contesting a State hiring decision argued that the Administrative Law Judge's findings were not supported by substantial evidence. The whole record test requires that the trial court take all evidence into account, including the evidence which supports and evidence which contradicts the agency's findings. If the agency's findings are not supported by substantial evidence, the court may make its own, but the whole record test is not a tool of judicial intrusion.

## 2. Appeal and Error— assignments of error—too broadsided

An assignment of error involving application of the whole record test and the court's substitution of its own judgment could not be reviewed where respondent's assignments of error were too broadsided. None were followed by citations to the record or transcript, none specified which findings were being challenged, and the Court of Appeals could not determine the findings respondent was challenging.

**3. Administrative Law— judicial review—improper determination of credibility—no prejudice**

The improper substitution of the trial court's judgment about credibility for that of the Administrative Law Judge was not prejudicial where the finding had no bearing on the ultimate issue of whether respondent suffered age discrimination in not receiving a promotion at a state agency.

**4. Appeal and Error— preservation of issues—Administrative Law Judge's conclusion**

A state agency (petitioner) preserved appellate review of an Administrative Law Judge's conclusion that respondent established a prima facie case of age discrimination where it specifically excepted to many of the ALJ's conclusions, and, furthermore, drafted recommended conclusions of law that respondent had not made a prima facie case.

**5. Employer and Employee— age discrimination—nondiscrimination reason for hiring—"substantially younger" not defined**

A state agency (petitioner) established a legitimate, nondiscriminatory reason for not promoting an employee (respondent), and respondent did not show that this reason was a pretext for age discrimination. Although the trial court found that an inference of age discrimination did not arise because the successful applicant was not substantially younger than respondent, the issue of whether the selected applicant is substantially younger was not decided in this appeal.

Appeal by respondent from order entered 2 July 2004 by Judge Robert H. Hobgood in Superior Court, Wake County. Heard in the Court of Appeals 7 June 2005.

*Attorney General Roy Cooper, by Special Counsel Isaac T. Avery, III, for the State.*

*Alan McSurely for respondent-appellant.*

McGEE, Judge.

Sharon F. Greene (respondent) appeals from the trial court's order reversing an order of the State Personnel Commission (the SPC) and affirming the action of the North Carolina Department of Crime Control and Public Safety (petitioner) in declining to promote respondent to a Personnel Analyst I position.

[172 N.C. App. 530 (2005)]

A Personnel Analyst II employee resigned from employment with petitioner in October 2002. Weldon Freeman (Freeman), petitioner's Personnel Director, posted the job opening as a Personnel Analyst I position. Respondent applied for the Personnel Analyst I position on 25 October 2002. Respondent was forty-six years old, had more than twenty years of experience in State government personnel administration, and was employed by petitioner as a Personnel Technician III/EEO Officer. In this role, respondent supervised two employees, including Shawnda Brown (Brown). Respondent had hired Brown to work for petitioner one year previously.

Brown also applied for the Personnel Analyst I position. Brown was thirty-nine years old, had obtained a B.A. from the University of South Florida, and had approximately six and a half years of experience in various personnel administration positions. A third person also applied for the position.

Each applicant was interviewed by a panel of three. The panel consisted of Freeman, Human Resources Partner Jerry McRae (McRae), and Director of Personnel Hanna Gilliam (Gilliam). Each interview lasted between thirty and forty-five minutes and each applicant was asked the same twenty questions. Gilliam asked the first seven questions, McRae asked the next nine questions, and Freeman asked the last four questions. At the conclusion of each interview, the applicant completed a ten-minute writing exercise. The selection criteria was based fifty percent on the interview, twenty-five percent on the writing exercise, and twenty-five percent on the applicant's work history.

Following each interview, the panel discussed the applicants' responses and writing exercises and gave each applicant a numerical score. Respondent received a score of thirty-one, the third applicant received a score of thirty-two, and Brown received a score of thirty-nine. Freeman sent an email announcement on 7 November 2002 stating that Brown was selected for the Personnel Analyst I position.

Crystal Goodman (Goodman), a Human Resources Associate, received Brown's Personnel Action Clearance package for processing. Goodman told McRae that she questioned the package because she did not believe that Brown was qualified for the Personnel Analyst I position. McRae reviewed Brown's application and determined that Brown should be given credit for two years of relevant experience based on her previous employment in the personnel department of Sam's Club. McRae's supervisor,

Nellie Riley, and State Personnel Director Thom Wright signed off on McRae's decision.

Respondent filed a Petition for a Contested Case Hearing with the Office of Administrative Hearings on 21 November 2002. Respondent alleged that petitioner discriminated against her on the basis of her age when it selected Brown, a younger applicant, over respondent for the Personnel Analyst I position. A hearing was held on 29 August 2003 before an Administrative Law Judge (ALJ). The ALJ found that petitioner did discriminate against respondent because of respondent's age. The ALJ ordered that petitioner instate respondent to the Personnel Analyst II position; adjust respondent's employment record to reflect respondent as being a Personnel Analyst II as of 29 October 2002; remit all back pay, raises and other benefits respondent would have received; and pay respondent's reasonable attorney's fees. The SPC adopted, in total, the ALJ's decision and remedies. Petitioner filed a Petition for Judicial Review of the administrative decision of the SPC on 12 December 2003 with the trial court. The trial court reversed the final decision of the SPC. The trial court also affirmed the action of petitioner in declining to promote respondent to the Personnel Analyst I position.

We note at the outset that since respondent has failed to present an argument in her brief in support of assignment of error number eight, we deem it abandoned. N.C.R. App. P. 28(b)(6).

I.

**[1]** Respondent first contends that the trial court erred when it failed to limit its application of the whole record test in determining whether the decision of the SPC was supported by substantial competent evidence in view of the entire record and had a rational basis in the record. Under North Carolina's Administrative Procedure Act, a trial court may reverse or modify a SPC decision

if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under [N.C. Gen. Stat. §] 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2003). Our Supreme Court has directed that the first four grounds for reversal or modification are "law-based" inquiries that receive *de novo* review. *N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 659, 599 S.E.2d 888, 894 (2004). The last two grounds are "fact-based" inquiries and are reviewed under the whole record test. *Id.*

At the trial court, petitioner argued that the ALJ's findings of fact, as adopted by the SPC, were not supported by substantial evidence. Therefore, the trial court was to apply the whole record test when it reviewed the SPC's decision. N.C. Gen. Stat. § 150B-51(b)(5); *see also King v. N.C. Environmental Mgmt. Comm.*, 112 N.C. App. 813, 816, 436 S.E.2d 865, 868 (1993).

Application of the whole record test "requires the examination of all competent evidence to determine if the administrative agency's decision is supported by substantial evidence." *Rector v. N.C. Sheriffs' Educ. and Training Standards Comm.*, 103 N.C. App. 527, 532, 406 S.E.2d 613, 616 (1991). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 503, 397 S.E.2d 350, 354 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). The whole record test requires that the trial court take all evidence into account, including the evidence that both supports and contradicts the agency's findings. *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 344, 342 S.E.2d 914, 919, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). When the agency's findings of fact are not supported by substantial evidence, the trial court may make its own findings of fact that may be "at variance with those of the agency." *Scroggs v. N.C. Justice Standards Comm.*, 101 N.C. App. 699, 702-03, 400 S.E.2d 742, 745 (1991). "However, the 'whole record' test is not a tool of judicial intrusion" and a court is "not permitted to replace the agency's judgment with [its] own, even though [it] might rationally justify reaching a different conclusion." *Floyd v. N.C. Dept. of Commerce*, 99 N.C. App. 125, 129, 392 S.E.2d 660, 662, *disc. review denied*, 327 N.C. 482, 397 S.E.2d 217 (1990).

[2] In her first two assignments of error, respondent argues that the trial court misapplied the whole record test when it determined whether the SPC's findings of fact were supported by substantial competent evidence. Respondent contends that the trial court erred by independently weighing the evidence of record and thus exceeded its role of determining whether the SPC's findings had a rational basis in the record. However, we determine that due to a violation of our Rules of Appellate Procedure, we cannot review this assignment of error.

This Court's review is "limited by properly presented assignments of error and exceptions." *N.C. Dept. of Correction v. Hodge*, 99 N.C. App. 602, 609, 394 S.E.2d 285, 289 (1990). Under N.C.R. App. P. 10(c)(1), "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references*." (emphasis added). Failure to comply with the Rules of Appellate Procedure subject an appeal to dismissal, since "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant." *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

In the case before us, respondent's assignments of error are extremely broadsided. None of the assignments of error are followed by citations to the record or transcript. More importantly, none of the assignments of error specify which findings respondent challenges. As a result, we are unable to determine which findings of fact respondent specifically contends evidence misapplication of the whole record test. We are thus unable to address respondent's first two assignments of error.

Similarly, in assignment of error number four, respondent argues that "[t]he trial court erred when it substituted its judgment for the special expertise of the [SPC] in determining whether [Brown] was 'qualified' for the position." This assignment of error is also not followed by any citation to the record or transcript, nor does it indicate which finding or findings respondent challenges. Several of the ALJ's and the trial court's findings of fact discuss Brown's qualifications for the position. We cannot determine which findings of fact respondent challenges and therefore cannot review this assignment of error.

[3] In assignments of error numbers three and seven, respondent specifically cites the ALJ's finding of fact number 25 and the trial court's finding of fact number 38. Therefore, we are able to

conduct a meaningful review of assignments of error numbers three and seven.

In those two assignments of error, respondent contends that the trial court erred when it replaced the ALJ's finding of fact number 25. The finding of fact stated that Freeman and McRae were not credible when they testified about Brown's qualifications and previous personnel experience:

> 25. Based on the undersigned's observations of [Freeman] and . . . McRae, neither witness was credible when questioned about [Brown's] qualifications and the evidence that her clerical experience in the Sam's Club and Fayetteville personnel departments did not approach the minimal qualification requirements for even the Personnel Analyst I position.

On review, the trial court made the following finding of fact:

> 38. Given that the interview panel had approximately seventy (70) years of combined experience in personnel functions and were serving or had served in top level personnel management positions, [the trial court] finds that the ALJ's Finding of Fact No. 25 relating to the "credibility" of . . . Freeman and . . . McRae is not supported by the record as a whole.

We agree that the trial court erred in finding that the ALJ's determination of the witnesses' credibility was not supported by the record. "The credibility of the witnesses and the resolution of conflicts in their testimony is for the [agency], not a reviewing court[.]" *In re Wilkins*, 294 N.C. 528, 549, 242 S.E.2d 829, 841 (1978); *see also White v. N.C. Bd. of Examiners of Practicing Psychologists*, 97 N.C. App. 144, 154, 388 S.E.2d 148, 154, *disc. review denied*, 326 N.C. 601, 393 S.E.2d 891 (1990). On review of an agency's decision, a trial court "is prohibited from replacing the Agency's findings of fact with its own judgment of how credible, or incredible, the testimony appears to [the trial court] to be, so long as substantial evidence of those findings exist in the whole record." *Little v. Board of Dental Examiners*, 64 N.C. App. 67, 69, 306 S.E.2d 534, 536 (1983).

In this case, although the trial court impermissibly replaced the ALJ's judgment of the credibility of Freeman and McRae with its own, we find that this error was not prejudicial. The ALJ's finding of incredibility concerned the issue of whether Brown was qualified for the position. The finding had no bearing on the ultimate issue in the

case: whether respondent was the victim of age discrimination. We find that the error did not affect the outcome of the case and overrule this assignment of error.

II.

[4] In assignments of error numbers five and six, respondent contends that the trial court erred when it substituted its judgment for that of the SPC and concluded as a matter of law that respondent had failed to establish a *prima facie* case of age discrimination. The trial court concluded that respondent had failed to establish a *prima facie* case of age discrimination because the age difference between respondent and Brown was not "substantial."

Respondent first argues that the trial court erred in making conclusions of law in conflict with the ALJ's conclusion of law number seven, as adopted by the SPC. The ALJ's conclusion of law number seven stated that respondent established a *prima facie* case of age discrimination "by proving: [1] she applied for and was qualified for a vacant position, [2] she was rejected, [3] she was over 40 years of age, [4] after she was rejected the employer filled the position with a younger employee below 40 years of age." Respondent argues that petitioner did not except to this conclusion of law at the trial court, and therefore waived review of the issue. We disagree. In its petition for judicial review, petitioner specifically excepts to many of the ALJ's conclusions of law, as adopted by the SPC, that support the conclusion that respondent had established a *prima facie* case of age discrimination. Furthermore, petitioner drafted recommended conclusions of law, which state: "[Respondent] did not establish a [*prima facie*] case. . . . [Respondent] has failed to meet her burden of proving that she was denied the promotion to Personnel Analyst I on account of her age." We find that petitioner properly excepted to the conclusion of law and we may review this issue on appeal.

[5] Respondent argues that the trial court erred in concluding as a matter of law that respondent had not established a *prima facie* case of age discrimination. We apply *de novo* review to a trial court's conclusions of law. *Campbell v. N.C. Dep't of Transp.*, 155 N.C. App. 652, 660, 575 S.E.2d 54, 60, *disc. review denied*, 357 N.C. 62, 579 S.E.2d 386 (2003).

The United States Supreme Court has established a scheme by which employees may prove discrimination in employment. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668

(1973); *see also Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 142, 147 L. Ed. 2d 105, 116 (2000) (applying the *McDonnell Douglas* framework to an age discrimination case); *and Dept. of Correction v. Gibson*, 308 N.C. 131, 136-37, 301 S.E.2d 78, 82-83 (1983). Under this framework, an employee must first establish a *prima facie* case of discrimination. *Reeves*, 530 U.S. at 142, 147 L. Ed. 2d at 116. Once an employee establishes a *prima facie* case of discrimination, the burden shifts to the employer to prove a legitimate, non-discriminatory basis for the employer's action. *McDonnell Douglas*, 411 U.S. at 802, 36 L. Ed. 2d at 678. If the employer succeeds, the burden shifts back to the employee to show that the employer's reason for the action is a mere pretext for discrimination. *Id.* at 804, 36 L. Ed. 2d at 679. However, " '[t]he ultimate burden of persuading the trier of fact that the [employer] intentionally discriminated against the [employee] remains at all times with the [employee].' " *Reeves*, 530 U.S. at 143, 147 L. Ed. 2d at 117 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 67 L. Ed. 2d 207, 215 (1981)); *see also Gibson*, 308 N.C. at 138, 301 S.E.2d at 83.

An employee can establish a *prima facie* case of age discrimination when the employee shows that (1) the employee is a member of the protected class, or over forty years old; (2) the employee applied or sought to apply for an open position with the employer; (3) the employee was qualified for the position; and (4) the employee "was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996). An inference of unlawful discrimination arises when an employee is replaced by a "substantially younger" worker. *O'Connor v. Consol. Coin Caterers*, 517 U.S. 308, 312-13, 134 L. Ed. 2d 433, 438-39 (1996); *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 430 (4th Cir. 2000).

In the case before us, the trial court found that respondent failed to establish a *prima facie* case of discrimination because she failed to show that she "was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans*, 80 F.3d at 959-60. The trial court found that Brown was not "substantially younger" than respondent, and as such, an inference of age discrimination did not arise.

This Court has not established a bright-line rule for determining whether an applicant who was selected is "substantially younger" than an employee who was not selected. We need not decide this

issue today because even if respondent did establish a *prima facie* case of discrimination, petitioner has established a legitimate, nondiscriminatory reason for its action, and respondent has not shown that this reason was a pretext for discrimination.

The evidence before the SPC showed that, based on the interview and writing sample scores, respondent ranked lowest out of all of the applicants. All three panel members ranked the applicants similarly, and two of the panel members testified that based on these rankings, they considered Brown to be the best applicant for the Personnel Analyst I position. Freeman gave the following testimony at the hearing before the ALJ:

Q. Okay. After the—taking you back, once again, to the interview panel, in addition to the rankings—the numerical rankings, did the—did you have some discussion with . . . [Gilliam] and . . . [McRae] about who they thought would make the best employee in that particular position?

A. I think we all agreed afterwards that, again, based on the selections, the interview questions, that [Brown] answered the questions most appropriately, very clear and concise. And [respondent], you know, she kind of rambled and, you know, avoided answering some of the questions directly.

In addition, McRae gave the following testimony:

Q. How did you rate the applicants for those positions? Do you recall?

A. I recall that [Brown] was rated higher than the other two, and the reason for that, based on my personnel experience—professional personnel experience, is that she seemed to have a much broader and diverse personnel background, and in a personnel analyst position, that is, the beginning of a professional level of human resource work and what you're looking for or at least what I'm looking for is people that are able to use good judgment and discretion in interpreting and applying policies.

This testimony and the applicants' scores establish that petitioner had a legitimate, nondiscriminatory reason for its action. Under the *McDonnell Douglas* framework, the burden then shifts back to respondent to prove that this reason was a pretext for discrimination. In order to prove that a reason for an employer's action is a pretext

for discrimination, an employee must prove "*both* that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 125 L. Ed. 2d 407, 422 (1993). "It is not enough, in other words, to *dis*believe the employer; the factfinder must *believe* the [employee's] explanation of intentional discrimination." *Id.* at 519, 125 L. Ed. 2d at 424.

We find that respondent has not established that petitioner's reason for its action was false. There is no evidence in the record that the reason was false or that the real reason for petitioner's action was to discriminate against respondent based on respondent's age.

Since respondent has failed to show that the trial court erred in its application of the whole record test and has failed to meet her burden of proving age discrimination, we affirm the trial court's order.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.