N.C. Dep't of Revenue v. Bass, 2017 NCBC 112.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CV 007688

N.C. DEPARTMENT OF REVENUE,

Petitioner,

v.

SAMUEL S. BASS,

Respondent.

**ORDER AND OPINION ON
PETITION FOR JUDICIAL REVIEW**

1. **THIS MATTER** is before the Court on Petitioner North Carolina Department of Revenue's (the "DOR") Petition for Judicial Review (the "Petition") of a Final Decision by the Office of Administrative Hearings ("OAH") in a contested tax case. For the reasons set forth below, the Court hereby **REVERSES** the Final Decision of the OAH.

*North Carolina Department of Justice, by Assistant Attorney General Ronald D. Williams, II for Petitioner.*

*Samuel S. Bass, pro se.*

Robinson, Judge.

## I.    INTRODUCTION

2. This matter arises out of a dispute between the DOR and Respondent Samuel S. Bass ("Bass") regarding Bass's 2012 North Carolina joint income tax return. On April 15, 2013, Bass attempted to electronically file both his 2012 federal income tax return and his 2012 North Carolina income tax return. Although Bass successfully filed his federal return, Bass unintentionally failed to file his North

Carolina return. Just over three years later, in July 2016, the DOR sent Bass a document titled "Notice of Intent to Assess for Failure to File North Carolina Return" regarding Bass's failure to file his 2012 state tax return. In response, on August 4, 2016, Bass sent the DOR an original copy of his unfiled 2012 state return, which reflected Bass's contention that a refund was due. The DOR determined that Bass's request for a refund, in the form of his belatedly filed return, was barred by the statute of limitations for obtaining a refund. As such, the DOR issued Bass a notice of denial dated August 24, 2016. Thereafter, Bass filed with the OAH a petition for a contested case hearing. The OAH ruled in favor of Bass, finding that Bass's request for a refund is not barred by the statute of limitations. The DOR then filed the Petition seeking judicial review of the OAH's decision.

## II.    PROCEDURAL HISTORY

3.    The Court recites only those portions of the procedural history relevant to its determination of the Petition.

4.    On October 24, 2016, Bass timely filed a petition for a contested case with the OAH. (R. at 13, ECF No. 18.)

5.    On October 25, 2016, the Administrative Law Judge ("ALJ") assigned to the matter, J. Randolph Ward, issued an Order for Prehearing Statements directing the DOR and Bass to each file and serve a prehearing statement within thirty days of the date of the order. (R. at 17.)

6.    On November 23, 2016, the DOR filed with the OAH a Motion to Dismiss in Lieu of Prehearing Statement, (R. at 25), which was denied by order of the ALJ

dated December 21, 2016, (R. at 32). Bass did not file a prehearing statement or any other document in lieu thereof.

7. Following an evidentiary hearing on March 1, 2017, the ALJ issued a Final Decision on May 26, 2017. (R. at 4.) The ALJ concluded that Bass's claim for a refund is not time barred. (R. at 9.) Further, as a result of the DOR's failure to file a prehearing statement, the ALJ sanctioned the DOR by deeming it proven, without further evidence, that Bass and his spouse are entitled to be credited with not less than $7,755.00 in withheld taxes—the amount shown on Bass's 2012 state return—in calculating their 2012 personal income tax liability. (R. at 6, 9.)

8. On June 26, 2017, the DOR timely filed its Petition pursuant to N.C. Gen. Stat. §§ 150B-43, -45, and -46 in Wake County Superior Court seeking judicial review of the ALJ's Final Decision. (Pet. 1, ECF No. 3.)

9. This action was designated as a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina dated June 28, 2017, and assigned to the undersigned by order of Chief Business Court Judge James L. Gale dated June 29, 2017.

10. On July 24, 2017, Bass filed with the Wake County Clerk of Superior Court a Response to Petition for Judicial Review, which was electronically filed with this Court on August 24, 2017.

11. The DOR timely submitted a brief in support of its Petition. Bass did not file a response brief.

12.     On December 4, 2017, the Court held a hearing at which Bass and counsel for the DOR were present.  This matter is now ripe for resolution.

## III.     STANDARD OF REVIEW

13.     Pursuant to N.C. Gen. Stat. § 150B-51, this Court may reverse or modify a final agency decision if the agency's findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional provisions;

(2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or

(6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b).  "The nature of the error asserted by the party seeking review dictates the appropriate manner of review . . . ."  *Dillingham v. N.C. Dep't of Human Res.*, 132 N.C. App. 704, 708, 513 S.E.2d 823, 826 (1999).  In addressing asserted errors of law by the OAH and assertions that the OAH exceeded its statutory authority or jurisdiction, the Court is to apply the *de novo* standard of review.  N.C. Gen. Stat. § 150B-51(c).  "*De novo* review requires a court to consider a question anew, as if not considered or decided by the [OAH] previously . . . ."  *Smith v. Richmond Cty. Bd. of Educ.*, 150 N.C. App. 291, 295, 563 S.E.2d 258, 263 (2002).  Under this standard of review, the Court "freely substitutes its own judgment for the [OAH]'s."  *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 660, 599 S.E.2d 888, 895 (2004).

14.     With regard to contentions that the ALJ's findings or conclusions are unsupported by substantial evidence or are arbitrary, capricious, or an abuse of discretion, the Court is to apply the whole record standard of review. N.C. Gen. Stat. § 150B-51(c). Under the whole record standard of review, the Court may not substitute its own judgment for the ALJ's judgment. *Davis v. Macon Cty. Bd. of Educ.*, 178 N.C. App. 646, 654, 632 S.E.2d 590, 596 (2006). Instead, "[t]he whole record test requires the reviewing court to examine all competent evidence in order to determine whether the [OAH's] decision is supported by substantial evidence." *Friends of Hatteras Island Nat'l Historic Mar. Forest Land Tr. for Pres., Inc. v. Coastal Res. Comm'n*, 117 N.C. App. 556, 567, 452 S.E.2d 337, 345 (1995) (quotation marks omitted). This standard requires the Court to examine all competent evidence in the record, and the ALJ's findings of fact, if supported by substantial evidence, are binding. *Carroll*, 358 N.C. at 663, 599 S.E.2d at 897. "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *N.C. Dep't of Crime Control & Pub. Safety v. Greene*, 172 N.C. App. 530, 534, 616 S.E.2d 594, 598 (2005). Under the whole record test, if it is determined that the ALJ's findings of fact are not supported by substantial evidence, "the trial court may make its own findings of fact that may be at variance with those of the" ALJ. *Id.* (quotation marks omitted).

15.     "The reviewing court may be required to utilize both standards of review if warranted by the nature of the issues raised." *MW Clearing & Grading, Inc. v. N.C. Dep't of Env't & Natural Res.*, 171 N.C. App. 170, 173, 614 S.E.2d 568, 571 (2005),

*rev'd on other grounds*, 306 N.C. 392, 628 S.E.2d 379 (2006). Regardless of the applicable standard, "the statute does not require a point-by-point refutation of the [ALJ]'s findings and conclusions and the reasons stated[.]" *See Webb v. N.C. Dep't of Env't, Health & Nat. Res.*, 102 N.C. App. 767, 770, 404 S.E.2d 29, 31 (1991).

## V. FACTUAL BACKGROUND

16. The Final Decision's finding of fact that Bass "unintentionally failed to file his North Carolina personal income tax return in April 2013" is undisputed. (R. at 5.)

17. The Court finds that there is substantial record evidence to support the ALJ's finding that "IRS data was used to create the *Notice of Intent to Assess for Failure to File North Carolina Return* issued to [Bass] and his spouse, dated July 7, 2016." (R. at 6, ¶ 3.) This notice required that Bass take one of the following actions within thirty days:

> [P]ay[ ] the "Total Amount Due;" furnish[] a "complete tax return and . . . payment" of a different sum, with "a statement explaining the changes, along with documentation, including wage and tax statements;" [furnish] "a copy of the return" that the taxpayer alleges was filed; or, [attach] "an explanation" of why a return was not required. . . .

(R. at 7, ¶ 10 (first omission in original).)

18. The Court further finds that there is substantial evidence of record to support the finding that, in response to the notice, on August 4, 2016, Bass sent the DOR an original copy of his unfiled 2012 North Carolina tax return, which reflected Bass's contention that he and his wife overpaid their 2012 tax liability and, as a result, a refund was due. (R. at 6, ¶¶ 3–4.) Further, after receiving Bass's 2012 state

tax return, the DOR sent Bass a letter dated August 24, 2016 informing Bass and his wife that their 2012 state return, pursuant to which they first requested a refund, was not filed within the applicable statute of limitations for requesting a refund of an overpayment and, as such, Bass's request for a refund of the overpayment was denied. (R. at 8, 29.)

## VI. ANALYSIS

19. As a preliminary matter, Bass argues in his response that N.C. Gen. Stat. § 105-241.16 provides only an aggrieved taxpayer, not the DOR, with standing to seek judicial review of the final decision in a contested case and, thus, actions in which judicial review is sought by the DOR are not properly designated to the North Carolina Business Court. (Resp. to Pet. 4, ECF No. 16.) Section 105-241.16 was amended in August 2017, however, to provide that an aggrieved "party," as opposed to an aggrieved "taxpayer," may seek judicial review. N.C. Sess. Laws 2017-204, sec. 4.1(e). This amendment was expressly made retroactive to January 1, 2012 and applies to any contested case commenced on or after that date. N.C. Sess. Laws 2017-204, sec. 4.9. Further, at the hearing on the Petition, the Court inquired of Bass whether his contention within his response was in the nature of an objection to designation pursuant to N.C. Gen. Stat. § 7A-45.4(e). Bass advised the Court that he did not object to the matter being designated to the Business Court.

### A. Issue Presented

20. The substantive issue squarely presented by this appeal is: when the DOR sends a taxpayer a request for information within the meaning of N.C. Gen. Stat.

§ 105-251(a) about his failure to file a North Carolina income tax return more than three years after the due date for filing the return, nothing else appearing, is the taxpayer's right to a refund of an overpayment of tax barred by the statute of limitations for obtaining a refund as set forth in N.C. Gen. Stat. § 105-241.6?

**B.      Statutory Scheme for Obtaining a Refund**

21.      While a number of statutory provisions are implicated by the Final Decision, review of and resort to four provisions are necessary for a proper determination of the issue presented by this appeal: N.C. Gen. Stat. §§ 105-241.6 (entitled "Statute of limitations for refunds"), 105-241.7 (entitled "Procedure for obtaining a refund"), 105-241.8 (entitled "Statute of limitations for assessments"), and 105-251 (entitled "Information required of taxpayer and corrections based on information").

22.      First, pursuant to section 105-241.8(a), the general statute of limitations for the DOR to propose an assessment against a taxpayer is the later of: (1) three years after the due date of the return; or (2) three years after the taxpayer filed the return.  If a taxpayer failed to file a return, however, there is no statute of limitations for proposing an assessment, and the DOR may propose an assessment against the taxpayer at any time.  N.C. Gen. Stat. § 105-241.8(b)(2).

23.      Second, pursuant to section 105-241.6(a), subject to exceptions not applicable here, the general statute of limitations for a taxpayer to apply for a refund of overpaid tax is the later of: (1) three years after the due date of the return; or (2) two years after payment of the tax.

24.     Third, pursuant to section 105-241.7(a), "[t]he Department must refund an overpayment made by a taxpayer if the Department discovers the overpayment before the expiration of the statute of limitations for obtaining a refund."  "Discovery" occurs either through automated processing of the return, or through a review of the return or an audit of the taxpayer by the DOR.  N.C. Gen. Stat. § 105-241.7(a).  Additionally, pursuant to section 105-241.7(b), the taxpayer can request a refund by taking certain action "within the statute of limitations for obtaining a refund."  Under section 105-241.7(c), if the taxpayer timely files a claim for a refund or an amended return reflecting an overpayment, the DOR must take action on the request within six months of filing.  However, under section 105-241.7(c1), if the DOR determines that the amended return or claim for a refund was filed "outside the statute of limitations, the Department must deny the refund and send the taxpayer a notice of denial."

25.     Fourth and finally, section 105-251 provides the following:

> (a) Scope of Information. -- A taxpayer must give information to the Secretary when the Secretary requests the information. . . .
>
> (b) Correction of Liability. -- When a taxpayer provides information to the Secretary *within the statute of limitations* and the information establishes that an assessment against the taxpayer is incorrect or that the taxpayer is allowed a refund, the Secretary must adjust the assessment or issue the refund in accordance with the information.  This action is a correction of an error by the Department or by the taxpayer and is not part of the process for the administrative or judicial review of a proposed assessment or a claim for refund.

N.C. Gen. Stat. § 105-251 (emphasis added).

## C.    The ALJ's Statutory Interpretation and the DOR's Asserted Errors

26.    The ALJ concluded that Bass's claim for a refund is not barred by section 105-241.6(a), the statute of limitations for obtaining a refund.  (R. at 9, ¶ 6.)  The ALJ concluded that the notice sent to Bass by the DOR was a request for information within the meaning of section 105-251(a).  (R. at 9, ¶ 4.)  The ALJ determined that section 105-251(b) applies to a request for a refund when the DOR is requesting information from a taxpayer, (R. at 9, ¶ 6), and that the statute of limitations referenced in section 105-251(b) is the statute of limitations for proposing an assessment set forth in section 105-241.8, (R. at 7−8, ¶ 11).  As the DOR was requesting information from Bass by way of the notice, the ALJ applied section 105-251(b), rather than section 105-241.6(a), to Bass's request for a refund.  (R. at 7−8, ¶ 11.)  Due to the fact that Bass had not filed a return, there was no statute of limitations for proposing an assessment.  (R. at 7−8, ¶ 11.)  Accordingly, the ALJ concluded that, under section 105-251(b), Bass's claim for a refund is not barred by a statute of limitations.  (R. at 7−8, ¶ 11.)

27.    The DOR contests a number of the ALJ's findings and conclusions on numerous grounds.  Of particular relevance to this appeal, the DOR asserts that the ALJ erred in concluding that section 105-241.6(a), the statute of limitations for applying for a refund, does not apply to Bass's claim for a refund.  (Pet. ¶ 26.)  The DOR further contends that the ALJ erred in concluding that section "105-251(b) is applicable to a request for a refund, regardless of whether [the DOR] has made a final

assessment against the taxpayer, and is effective at the stage of proceedings when the [DOR] is requesting information from the taxpayer." (R. at 9, ¶ 6; Pet. ¶ 41.)

### D. Rules of Construction

28. The interpretation of a statute is a question of law subject to *de novo* review. *Total Renal Care of N.C., LLC v. N.C. Dep't of Health & Human Servs.*, 242 N.C. App. 666, 672, 776 S.E.2d 322, 326 (2015). In interpreting statutes, the primary objective is to give effect to the legislature's intent. *First Bank v. S&R Grandview, L.L.C.*, 232 N.C. App. 544, 546, 755 S.E.2d 393, 394 (2014). To ascertain the legislature's intent, the Court first looks to the plain language of the statute. *Id.* "Where the language of a statute is clear, the courts must give the statute its plain meaning; however, where the statute is ambiguous or unclear as to its meaning, the courts must interpret the statute to give effect to the legislative intent." *Martin v. N.C. Dep't of Health & Human Servs.*, 194 N.C. App. 716, 719, 670 S.E.2d 629, 632 (2009). Further, it is a well-established principle of statutory construction that "statutory provisions must be read in context: 'Statutes dealing with the same subject matter must be construed *in pari materia*, as together constituting one law, and harmonized to give effect to each.'" *First Bank*, 232 N.C. App. at 546, 755 S.E.2d at 395 (quoting *Williams v. Williams*, 299 N.C. 174, 180–81, 261 S.E.2d 849, 854 (1980)). "Such statutes should be reconciled with each other when possible and any irreconcilable ambiguity should be resolved in a manner which most fully effectuates the true legislative intent." *Martin*, 194 N.C. App. at 719, 670 S.E.2d at 632. "Courts normally adopt an interpretation which will avoid absurd or bizarre consequences, the presumption

being that the legislature acted in accordance with reason and common sense . . . ." *Rhyne v. K-Mart Corp.*, 358 N.C. 160, 189, 594 S.E.2d 1, 20 (2004).

### E. Bass's Request for a Refund Is Barred by the Statute of Limitations for Obtaining a Refund

29. The Court concludes that, utilizing these well-established principles of statutory construction, where a taxpayer provides information to the DOR "within the statute of limitations" that establishes that the taxpayer is allowed a refund, the "statute of limitations" in section 105-251(b) refers to the statute of limitations contained in section 105-241.6(a) for a taxpayer to apply for a refund, rather than the statute of limitations for the DOR to propose an assessment. Interpreting the "statute of limitations" in section 105-251(b) as the statute of limitations contained in section 105-241.6(a) for applying for a refund harmonizes the statutory provisions in question and avoids absurd consequences. Under this interpretation, if a taxpayer does not file his tax return until more than three years after the due date of the return, and the tax return when belatedly filed otherwise shows an overpayment of tax, unless section 105-241.7(a) applies, the taxpayer is too late and has no right to obtain a refund. There is nothing in the statutory scheme that makes the limitations period set forth in section 105-241.6(a) inoperative, or that artificially extends the limitations period otherwise applicable, merely because the DOR contacts a non-filing taxpayer and seeks information more than three years after the due date for filing.

30. Section 105-241.7(a) further supports this interpretation. This section expressly provides that, even if a non-filer has not otherwise requested a refund, "[t]he Department must refund an overpayment made by a taxpayer if the

Department discovers the overpayment *before the expiration of the statute of limitations for obtaining a refund.*" N.C. Gen. Stat. § 105-241.7(a) (emphasis added).

31.     To interpret the "statute of limitations" in section 105-251(b) as the statute of limitations for proposing an assessment, as the ALJ did, would lead to the absurd result of rewarding non-filers and punishing timely filers. For example, under this interpretation, if a taxpayer failed to file his 2012 return on April 15, 2013, or at any time thereafter, under section 105-241.8, there is no statute of limitations for proposing an assessment. *Id.* § 105-241.8(b)(2). If, in response to a request for information, the non-filer were to provide information to the DOR five, ten, or even fifteen years after the due date for filing the return, and that information established that the taxpayer is otherwise entitled to a refund, the Secretary would be required, under the ALJ's interpretation of section 105-251(b), to issue the refund to the non-filer as the information would have been provided "within the statute of limitations." On the other hand, if a taxpayer timely filed his 2012 return on April 15, 2013, then the statute of limitations for proposing an assessment would be April 15, 2016. *See id.* § 105-241.8(a). If, in response to a request for information, the timely filer were to provide information to the DOR five years after timely filing his return on the due date, and that information established that the taxpayer is allowed a refund, the taxpayer would not be entitled to a refund under section 105-251(b) as the information would not have been provided "within the statute of limitations." The ALJ's interpretation of the statutes in question would inevitably result in the DOR being at risk for a stale claim of refund whenever it contacted a purported non-filer

more than three years after the due date of the return, even though the statute of limitations would otherwise mandate a different result. The statutory scheme does not support such an interpretation.

32. Applying these principles to the facts of this case, because Bass did not provide information to the DOR that established his entitlement to a refund within the statute of limitations for applying for a refund, Bass was not entitled to, and the DOR was not required to issue, a refund under section 105-251(b). Bass was required to make his request for a refund within the time limit provided in section 105.241.6(a)—in this case, on or before April 15, 2016. Bass failed to do so. Therefore, Bass's request on August 4, 2016 (in the form of his belatedly filed 2012 tax return) was untimely. As a result, the DOR correctly denied Bass's request for a refund for tax year 2012 received on or about August 4, 2016, and the ALJ's determination to the contrary was in error.

F. **The ALJ's Finding that the DOR Had Access to Bass's 2012 Federal Return Within the Statute of Limitations Is Not Supported by Substantial Evidence**

33. Finding of Fact No. 6 found, in part, that "[i]t is inferred from the evidence that the [DOR] had access to [Bass]'s 2012 federal personal income tax return, or data drawn from it, shortly after it was filed in April 2013, but delayed action on it until July 2016, after the three-year statute of limitations for applying for a refund expired." (R. at 6, ¶ 6.) The DOR contends that this finding is unsupported by substantial evidence. (Pet. ¶ 33.)

34.    The Court concludes that, based on its review of all competent evidence of record, the ALJ's finding that the DOR had access to Bass's 2012 federal return, or data drawn therefrom, shortly after it was filed in April 2013 is not supported by substantial evidence.    There is no evidence in the record tending to indicate, inferentially or otherwise, that the DOR was aware prior to April 15, 2016, the date on which the statute of limitations set forth in section 105-241.6(a) expired, that Bass was properly due a refund.    The record reflects that the DOR first became aware of Bass's failure to file his 2012 return based on information provided by the IRS.    (R. at 93.)    The evidence further shows that the IRS provides information to the DOR indicating that a North Carolina resident has income sources, which the DOR then uses to determine whether the taxpayer has filed a return. (R. at 106.)    The record is devoid of any evidence to support a finding that the IRS provided the DOR with information pertaining to Bass on or before April 15, 2016, the deadline for Bass to apply for a refund.

35.    To the extent that Bass believed that the DOR had information prior to the running of the statute of limitations that disclosed a refund was due to Bass such that the DOR was required to issue a refund under section 105-241.7(a), Bass had the burden to prove this fact.    N.C. Gen. Stat. § 150B-25.1(a).    Bass failed to produce or submit to the ALJ any evidence in support of such a contention, and there is no evidence in the record to otherwise support such a conclusion.    Therefore, Finding of Fact No. 6, to the extent that it found that the DOR had access to Bass's 2012 federal return, or data drawn therefrom, shortly after it was filed in April 2013, is vacated.

**G.** **The Court Need Not Address Whether the ALJ Erred in Sanctioning the DOR**

36.    The ALJ determined that, as a sanction for failing to file a prehearing statement, the DOR shall be bound by (and precluded from contesting) the amount shown on Bass's belatedly filed tax return as to the amount of tax withheld from Bass and his wife's income.  (R. at 6, ¶ 5.)  The DOR asserts that the ALJ erred in sanctioning the DOR on the grounds that such a finding is erroneous, in excess of the ALJ's statutory and jurisdictional authority, unsupported by substantial evidence, and an abuse of discretion.  (Pet. ¶ 32.)

37.    As the Court has concluded that Bass's claim for a refund is barred by the statute of limitations, the Court need not address whether the ALJ erred in sanctioning the DOR.  Although the Court is perplexed by the ALJ's decision to sanction only the DOR when neither the DOR nor Bass filed a prehearing statement as required by the ALJ's order, the ALJ's sanction deeming as conclusive the amount shown on Bass's belatedly filed tax return as the amount of tax withheld from Bass and his wife's income is no longer relevant to this dispute in light of this Court's conclusion that Bass's request for a refund is time barred.  As a result, the Court declines to consider whether such a sanction was in excess of the ALJ's authority, an abuse of discretion, or unsupported by substantial evidence.

**H.** **The Court Need Not Address the DOR's Other Asserted Errors**

38.    As the Court has concluded that Bass's request for a refund is barred by the applicable statute of limitations and that the DOR was not required to issue a refund under section 105-241.7(a), the Court need not address the DOR's other objections to

the ALJ's remaining findings and conclusions on which the ALJ's decision was based. *See Webb*, 102 N.C. App. at 770, 404 S.E.2d at 31.

## VII.  CONCLUSION

39.  For the foregoing reasons, the Court **REVERSES** the Final Decision of the OAH and concludes that Respondent Samuel S. Bass's request for a refund regarding his 2012 North Carolina income tax return is time barred under N.C. Gen. Stat. § 105-241.6(a).

**SO ORDERED**, this the 14th day of December, 2017.

/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases