BRIAR METAL PRODUCTS, INC. v. ALBERT SMITH

No. 8228SC1089

(Filed 20 September 1983)

1. **Judgments § 21.2— consent judgment—necessity for consent at time of entry**

     A consent judgment is valid only if all parties give their unqualified consent at the time the court sanctions the agreement and promulgates it as a judgment. Therefore, where the evidence in a hearing on a motion to set aside a consent judgment for lack of consent by plaintiff was conflicting as to whether the authority previously given by plaintiff to his attorney to consent to the judgment had been withdrawn prior to the time the judgment was entered, it was incumbent upon the trial court to make a finding as to whether plaintiff's consent subsisted at the time of entry of the judgment.

2. **Judgments § 21.1; Rules of Civil Procedure § 60.1— consent judgment—alleged lack of consent—motion in the cause**

     A motion in the cause made within "a reasonable time" pursuant to G.S. 1A-1, Rule 60(b)(4) was the correct procedure for presenting the question of whether a consent judgment was void for lack of consent by plaintiff, and whether an appeal was taken from the consent judgment was not pertinent to the issue of whether such motion should have been granted.

APPEAL by plaintiff from *Allen, Judge.* Order entered 26 February 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 1 September 1983.

Plaintiff sued defendant in October, 1979, on claims including conversion and wrongful interference with contract. Defendant counterclaimed. Attorneys for the parties entered into settlement negotiations and by July, 1980, agreed to enter into a consent judgment. A judgment was entered by Judge Ferrell on 30 March 1981, wherein plaintiff agreed to pay and defendant agreed to accept the sum of $89,600.00 in settlement of all matters in controversy between plaintiff and defendant. Plaintiff did not give notice of appeal from the entry of judgment. On 29 October 1981, plaintiff filed a motion in the cause pursuant to G.S. 1A-1, Rule 60(b)(4), of the Rules of Civil Procedure, to set aside the judgment. Following a hearing on plaintiff's motion, Judge Allen entered the following order.

THIS CAUSE coming on to be heard before the Honorable Walter C. Allen, upon Motion in the Cause to Set Aside the Judgment entered on the 30th day of March, 1981, by the Honorable Forrest Ferrell, and based upon the evidence presented, arguments of counsel, and legal briefs submitted by the parties, the Court hereby makes the following:

### FINDINGS OF FACT

1. That on or about October 26, 1979, a Complaint was filed in the above captioned matter.

2. That on or about October 30, 1979, an Answer and Counterclaim was filed by the Defendant against the Plaintiff.

3. That since October 30, 1979, all matters and things in controversy have been at issue between the Plaintiff and the Defendant. That the Plaintiff and the Defendant entered into extensive settlement negotiations by and through their Attorneys of Record.

4. That a Consent Judgment was signed by the Plaintiff's Attorney, Robert F. Orr, by and with the authority of the Plaintiff in October 1980. That the Defendant and his Attorney, Marvin P. Pope, Jr., signed the aforesaid Consent Judgment in August, 1980.

5. That on or about March 30, 1981, a Hearing in chambers was held before the Honorable Forrest Ferrell.

That at the time of the Hearing, the Plaintiff had not signed the Consent Judgment. That the Attorney for the Plaintiff and the Attorney for the Defendant were personally present at the time that Judge Ferrell signed and entered the Consent Order.

6. That the Plaintiff's Attorney, Robert F. Orr, objected to the signing and the entry of the aforesaid Consent Judgment on March 30, 1981.

7. That the Plaintiff failed to appeal the aforesaid Consent Judgment within apt time pursuant to the Rules of Civil Procedure and the Court of Appeals for the State of North Carolina.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT HEREBY MAKES THE FOLLOWING:

## CONCLUSIONS OF LAW

1. That the Judgment of March 30, 1981, in the above captioned matter is a valid, binding, and enforceable Order of this Court.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion in the Cause to Set Aside the Judgment of March 30, 1981, be and is hereby denied.

Plaintiff has appealed from Judge Allen's order.

*Forbis & Grossman, by Steven A. Grossman, for plaintiff.*

*Marvin P. Pope, Jr., for defendant.*

WELLS, Judge.

In one argument, plaintiff brings forward exceptions to findings of fact numbered 4. and 7. and to the single conclusion of law contained in Judge Allen's order. We deal with these exceptions *seriatim.*

[1] There was evidence before Judge Allen which would support his finding of fact number 4. Such a finding, however, is not determinative of the basic issue before us in this case. The evidence before Judge Allen was conflicting as to whether plaintiff's con-

sent to the judgment entered by Judge Ferrell subsisted *at the time of entry* of that judgment. Plaintiff's evidence tended to show that the authority previously given by plaintiff to his attorney to consent had been withdrawn prior to 30 March 1981 and that plaintiff's attorney stated this to Judge Ferrell. Defendant's evidence tended to show plaintiff's prior authority to plaintiff's attorney was never withdrawn. A consent judgment is valid only if all parties give their unqualified consent at the time the court sanctions the agreement and promulgates it as a judgment. *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963), *citing Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794 (1948) *and King v. King,* 225 N.C. 639, 35 S.E. 2d 893 (1945). Where such consent did not subsist at the time of entry the judgment is void. *Id.* Under the evidence before him, it was incumbent upon the Judge to make a finding as to whether plaintiff's consent subsisted at the time of entry of Judge Ferrell's judgment.

[2] While Judge Allen's finding of fact number 7. is also supported by the evidence, neither is it determinative of the issue in this case. If Judge Ferrell's judgment may be found to be void for lack of consent, *see Overton, supra,* then a motion in the cause is the correct procedure for presenting that question to the trial court, *Overton, supra.* Such a motion must be made within "a reasonable time." Rule 60(b)(4). Whether an appeal was taken from the consent judgment under attack is not pertinent to the issue of whether the Rule 60(b) motion should be granted, particularly as to whether the Rule 60(b) motion was filed within a reasonable time.

Judge Allen's findings of fact are not sufficient to support his conclusion of law. This case must be remanded for proper findings of fact as to (1) whether plaintiff's Rule 60(b) motion was made within a reasonable time, and if so, (2) whether plaintiff's consent subsisted at the time of entry of Judge Ferrell's judgment.

Reversed and remanded.

Judges ARNOLD and EAGLES concur.