STATE OF NORTH CAROLINA, ex rel., JONATHAN B. HOWES, SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, Plaintiff-Appellee v. ORMOND OIL & GAS COMPANY, INC., Defendant-Appellant

STATE OF NORTH CAROLINA, ex rel., JONATHAN B. HOWES, SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, and the ENVIRONMENTAL MANAGEMENT COMMISSION, Plaintiffs-Appellees v. WILLIAM E. ORMOND, SR., and ORMOND OIL & GAS COMPANY, INC., Defendants-Appellants

No. COA97-69
No. COA97-71

(Filed 16 December 1997)

1. Appeal and Error § 423 (NCI4th)— assignment of error— reference to record—inaccurate

An assignment of error which referred to a page of the record that did not support the assignment of error was sufficient

because of the limited facts in the case and because the sole assignment of error was so specific in nature. N.C. R. App. P. 10(c)(1).

**2. Appeal and Error § 423 (NCI4th)— assignment of error— different issue argued**

An assignment of error was addressed in the exercise of the Court of Appeals' discretion where the State contended that the appellant had argued an issue different from that presented in the assignment of error.

**3. Judgments § 123 (NCI4th)— memorandum of settlement— specific performance ordered—findings as to agreement insufficient**

The trial court erred by incorporating in its final judgment the terms of a proposed consent judgment, but may consider on remand whether the State is entitled to specific performance of the settlement, where the State brought an action against defendant to collect an unpaid civil penalty and investigative costs which had resulted from defendant's violation of groundwater regulations; the parties executed and signed a "Memorandum of Terms of Settlement" which provided that the parties would enter into a consent judgment to include a schedule for implementing a corrective action plan; the State prepared and signed a proposed consent judgment but defendant refused to sign it; and the trial court concluded that the State was entitled to specific performance of the settlement. The trial court apparently determined that the proposed consent judgment was an accurate memorialization of the parties' intent, but its findings do not support that conclusion. Assuming that defendant had a duty under the settlement agreement to propose an implementation schedule and breached that duty by not presenting a proposal, the breach of that duty was not tantamount to consenting to terms which were not included in the parties' settlement agreement and which were specifically rejected by defendant. However, on remand, the trial court may enter a judgment in accordance with the terms found in the settlement agreement.

Appeal by defendants-appellants from judgment entered 16 September 1996 by Judge Knox V. Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 16 September 1997.

*Michael F. Easley, Attorney General, by Philip A. Telfer, Special Deputy Attorney General, for the State.*

*Spence & Spence, P.A., by Clint E. Massengill, attorney for defendant-appellant.*

WYNN, Judge.

"A consent judgment is valid only if all parties give their unqualified consent at the time the court sanctions the agreement and promulgates it as a judgment." *Briar Metal Products, Inc. v. Smith,* 64 N.C. App. 173, 176, 306 S.E.2d 553, 555 (1983) (citing *Overton v. Overton,* 259 N.C. 31, 129 S.E.2d 593 (1963)). In this case, the trial court, at the State's request, ordered William E. Ormond, Sr. on behalf of himself and Ormond Oil & Gas Company, Inc. to comply with the terms of a proposed consent judgment. Because Ormond did not consent to the proposed consent judgment, we hold that the trial court erred in requiring Ormond to comply with the terms of that consent judgment and therefore, vacate the trial court's judgment. However, because we believe the State is, nonetheless, entitled to specific performance of the parties' settlement, we remand this case to the trial court for imposition of judgment in accordance with the terms of that agreement.

On 21 June 1995, the State of North Carolina brought this civil action in the Superior Court of Johnston County against Ormond, seeking to collect an unpaid civil penalty and investigative costs which had been assessed against Ormond as a result of his violation of regulations governing the State's groundwaters.

Sometime thereafter, the State moved for summary judgment; however, prior to hearing on that motion, the parties executed and signed a document entitled, "MEMORANDUM OF TERMS OF SETTLEMENT." That document provided, among other things, that the parties would enter into a consent judgment to be prepared by 20 November 1995 which would include in it a schedule for implementing a corrective action plan designed to help remedy the contamination caused by Ormond's actions.

Following the settlement conference, the State prepared and signed a proposed Consent Judgment; but, Ormond refused to sign it. As a result of Ormond's refusal, the State, contending that the proposed Consent Judgment was an accurate reflection of the settlement agreement, moved the trial court to enter judgment according to the

terms of the proposed Consent Judgment. The trial court found that the proposed Consent judgment "fully and fairly reflect[ed] the agreed-upon terms of the Settlement." From the judgment ordering Ormond to comply with the terms of the proposed Consent Judgment, Ormond appeals.

Ormond presents one assignment of error in this appeal:

The trial court erred in granting the plaintiff/appellee Judgment requiring Specific Performance of a settlement reached between the parties because a material issue of fact existed with regard to the issue of whether the terms of settlement between the parties included the requirement that the defendant/appellant implement a Corrective Action Plan.

Record, p.37

In response, the State asserts three arguments, two of which raise the preliminary issue of whether appellant, in bringing forth this assignment of error, complied with this state's Rules of Appellate Procedure. We address the State's procedural arguments in turn.

## Preliminary Issues

[1] The State first presents the procedural argument that Ormond's assignment of error does not sufficiently comply with Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure. Among other provisions, Rule 10 provides that on appeal, "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references."

In the present case, Ormond references p. 37 of the record for its sole assignment of error. However, as the State correctly points out, that page references a statement in the record regarding testimonial evidence taken in the trial court. Given this error, the State contends that Ormond's assignment of error does not adequately direct this court to the particular error assigned. We find, however, that because of the limited facts in this case and because the assignment of error is so specific in nature, Ormond's assignment of error sufficiently directs this court to the particular error assigned.

[2] In its second procedural argument, the State contends that Ormond, by arguing an issue in its brief that is different from the issue presented in the assignment of error, failed to comply with Rule 10(a)

of the Rules of Appellate Procedure. That section of Rule 10 states that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal. . . ." We, however, exercise our discretion under Rule 2 of the Rules of Appellate Procedure and decide here to address the merits of Ormond's assignment of error.

## DISCUSSION

[3] In the judgment appealed from, the trial court found, in pertinent part, the following facts:

(4) The mediation conducted on November 3, 1995 resulted in a global settlement of all the above pending matters and the Settlement signed by William E. Ormond, Arthur Mouberry on behalf of the State and Counsel for both parties. A copy of the Settlement is attached hereto as "Exhibit I." The Settlement provided that a Consent Judgment would be entered in 95 CVS 1241 which would contain:

. . . .

(b) provisions making the Consent Order (i.e., the preliminary injunction) entered on August 28, 1995 permanent, a schedule for implementation of a corrective action plan, and a requirement for continued compliance with rules for tank and line testing and leak detection; and

. . . .

(5) Based on the foregoing, counsel for William Ormond, Sr. and William Ormond Oil and Gas Co., Inc., informed this Court that the above-captioned matters had been settled and that the Court need not rule on the pending Summary Judgment Rule 60(b) motions pending in 95 CVS 1135.

(6) Counsel for the parties reduced the Settlement to a Consent Judgment which fully and fairly reflects the agreed-upon terms of the Settlement.

(7) The State had demanded entry of the Consent Judgment, but William Ormond Sr., on behalf of himself and the Ormond Oil and Gas Co., Inc., has refused to sign the Consent Judgment despite his signature on the Settlement and the representations by his counsel to the Court that these matters were settled.

Based upon these facts, the trial court concluded as a matter of law that "the State [was] entitled to specific performance of the Settlement by entry of Judgment implementing the terms of the Settlement." In the judgment, however, the trial court did not set forth the terms of the parties' settlement agreement; rather, it set forth as its order and decree, the exact terms of the States' *proposed* consent judgment, which included specific deadlines for implementation of the Corrective Action Plan. Apparently in so doing, and as evidenced by its findings of fact, the trial court determined that the proposed consent judgment was, as a matter of law, an accurate memorialization of the parties' intent regarding their settlement agreement. Based upon our review of the record, however, we are not convinced that the trial court's findings of fact support this conclusion.

Ormond argues that in signing the settlement agreement, it did not agree to a particular schedule for implementation of the Corrective Action Plan and that therefore, the Judgment entered by the court, which contains specific deadlines, is based upon an unenforceable agreement. The State, on the other hand, argues that under the terms of the parties' settlement agreement, Ormond had an obligation to present a schedule for implementation of the Corrective Action Plan to be included in the Consent Judgment contemplated by that agreement; that it breached that obligation by not proposing a schedule; and that therefore, it cannot now be heard to object to the court having entered a judgment which contained a specific schedule.

Assuming, *arguendo*, that Ormond had a duty under the terms of the settlement agreement to propose a implementation schedule for the Corrective Action Plan, and that it breached that duty by not presenting a proposal, the breach of that duty was not tantamount to consenting to terms which were not included in the parties' settlement agreement, and which were specifically rejected by Ormond when it refused to sign the proposed consent judgment incorporating those terms.

As the trial court's findings of fact note, the parties agreed to enter in a consent judgment which would incorporate the basic provisions outlined in their settlement agreement; they reduced that agreement to writing; and then they informed the court of that agreement. However, as these facts further disclose, Ormond was not in agreement with the final draft of the States' Consent Judgment, and he evidenced that disagreement by refusing to sign the Consent

Judgment when the State demanded its entry as a judgment. Under our Rules of Civil Procedure, a consent judgment is not valid unless all parties express their unqualified consent; therefore, a party may withdraw his consent from a consent judgment at any time before a trial court sanctions the parties' agreement and promulgates it as a judgment. *Briar Metal Products, Inc.*, 64 N.C. App. at 176, 306 S.E.2d at 555 (citing *Overton v. Overton, supra*). The evidence showed that Ormond expressly refused to consent to the proposed Consent Judgment. As such, we hold that the trial court erred in incorporating in its final judgment the terms of the proposed consent judgment, which included specific deadlines for implementation of the Corrective Action Plan; accordingly, the trial court's judgment is vacated.

On remand, however, the trial court may consider whether the State is still entitled to "specific performance of the Settlement by entry of Judgment implementing the terms of the Settlement." It is well-settled in North Carolina that compromises and settlements of controversies between parties are favored by our courts. *PCI Energy Services, Inc. v. Wachs Technical Services, Inc.*, 122 N.C. App. 436, 439, 470 S.E.2d 566, 567 (1996) (citing *Nationwide Mutual Insurance Co. v. Aetna Cas. & Surety Co.*, 1 N.C. App. 9, 14, 159 S.E.2d 268, 273 (1968)). Although our courts have not laid down a precise method for the enforcement of such agreements, the general rule in other jurisdictions is that a party may enforce a settlement agreement by filing a voluntary dismissal of its original claim and then instituting another action on the contract, or it may simply seek to enforce the settlement agreement "by petition or motion in the original action." *Beirne v. Fitch Sanitarium, Inc.*, 167 F. Supp. 652, 654 (S.D.N.Y. 1958); *see also McKenzie v. Boorhem*, 117 F. Supp. 433 (W.D. Ark. 1954); *Wenneker v. Frager*, 448 S.W.2d 932 (Mo. App. 1969); *Kapiloff v. Asin Stores, Inc.*, 202 G.A. 292, 42 S.E.2d 724 (1943). This rule is annotated at 15 Am.Jur.2d, Compromise and Settlement § 38 with this editorial comment:

> Instead of instituting an action to enforce a compromise agreement, a [party] who has already commenced an action on an antecedent claim may seek to enforce a comprise which was entered into subsequently to the commencement of the action, and he may have the compromise enforced simply by moving for judgment in accordance with the terms of the compromise. Even where a [party] is seeking to obtain some form of equitable relief, rather than a payment of money, he may obtain a judgment in

APPALACHIAN OUTDOOR ADVERTISING CO. v. TOWN OF BOONE BD. OF ADJUST.

[128 N.C. App. 137 (1997)]

accordance with the terms of a compromise agreement and may thereby obtain whatever performance the [other party] agreed to in the compromise agreement.

Here, the parties and their settlement agreement were still before the trial court when the State sought entry of the proposed consent judgment which, as the court's judgment makes clear, was actually a demand for specific performance of the parties' settlement agreement. By asking the court to enter judgment in accordance with what it believed were the terms of the parties' settlement agreement, the State evidenced its readiness to comply with the terms of that agreement and Ormond's refusal to do likewise. The trial court having concluded that the State was entitled to have the parties' settlement agreement enforced, we hold that the trial court may enter a judgment in this case in accordance with the terms found in the parties' settlement agreement.

Vacated and remanded.

Judges WALKER and SMITH concur.