MAMIE L. DAVIS, Employee, Plaintiff v. COLUMBUS COUNTY SCHOOLS, Employer, SELF-INSURED, KEY RISK MANAGEMENT, Servicing Agent, Defendants

No. COA04-864

(Filed 20 December 2005)

**1. Appeal and Error— assignments of error—lack of enumerated findings—basis of assignment of error easily determined**

Assignments of error were heard under Rule 2 of the Rules of Appellate Procedure despite the lack of enumerated findings or conclusions of law therein where the legal basis of the assignments of error could be determined easily.

**2. Workers' Compensation— injury by accident—arm grabbed by fellow teacher**

There was sufficient evidence to support a finding and conclusion that a teacher whose arm was grabbed by another teacher suffered an injury by accident which exacerbated her pre-existing condition.

**3. Workers' Compensation— medical benefits—aggravation of existing condition**

Medical benefits were properly awarded where there was no error in concluding that plaintiff's accident aggravated her preexisting shoulder condition.

Appeal by defendants from opinion and award entered by the North Carolina Industrial Commission on 22 March 2004. Heard in the Court of Appeals 21 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Stacey A. Phipps, for the State.*

*Brumbaugh, Mu & King, P.A., by Nicole D. Wray, for plaintiff-appellee.*

HUDSON, Judge.

Plaintiff alleges that she sustained a work-related injury on 26 October 1998. Shortly thereafter, defendants filed a Form 19, recording that a co-worker grabbed plaintiff by the arm, and spun her around, causing pain. Defendants paid plaintiff's medical bills from 26 October to 10 November 1998 while the claim was being investi-

gated. Some time later that fall, plaintiff filed a Form 33 requesting a hearing and further compensation. Defendants responded by filing a Form 33R on 7 December 2000, in which they denied compensability for lack of causation. After a hearing on 9 May 2002, Deputy Commissioner Morgan S. Chapman granted several extensions for the parties to complete medical depositions and filed an opinion and award on 30 April 2003, denying plaintiff's claim for workers' compensation. Deputy Commissioner Chapman held that plaintiff "did not sustain an injury by accident arising out of and in the course of her employment." Plaintiff appealed to the Full Commission, which reversed the Deputy Commissioner's decision on 22 March 2004. Defendants appeal. We affirm.

The facts as found by the Commission show that plaintiff was employed as a school social worker with the Columbus County Schools. On 26 October 1998, plaintiff was standing in the hall talking to students when the band teacher, who wished to speak with her, came up behind her, grabbed her by the arm, and spun her around. Plaintiff felt immediate pain in her left arm. Prior to this incident, plaintiff had been experiencing problems with her left shoulder and Dr. Ogden, an orthopedic surgeon, had diagnosed her with a frozen shoulder and given her an injection on 1 October 1998. Immediately after the incident on 26 October 1998, plaintiff received medical treatment from Dr. Hodgson, her family physician. She informed Dr. Hodgson of her prior shoulder problems and her diagnosis of a frozen shoulder and explained the event from earlier in the day. Dr. Hodgson's exam revealed significant reduction of range of motion with exquisite tenderness in the shoulder and left upper back. He diagnosed her with shoulder and arm pain of unclear etiology.

Plaintiff returned to Dr. Hodgson on 3 November 1998 and reported severe pain and swelling in her left arm and the left side of her neck. He diagnosed her with pericervical hypersthesias and paresthesias of undetermined etiology. Dr. Hodgson advised plaintiff not to work. On 2 February 1999, he instructed her that she could return to work on 15 February 1999.

On 16 December 1998, plaintiff began treatment with Dr. Speer, an orthopedic surgeon at Duke University Medical Center, while continuing treatment with Dr. Hodgson. Dr. Speer diagnosed her with a frozen shoulder and possible reflex sympathetic dystrophy and recommended that she wear a sling and cold therapy pads. On 27 January 1999, plaintiff returned to Dr. Speer and reported improvement and Dr. Speer recommended gentle physical therapy. On 14 June

1999, plaintiff reported tremendous improvement and Dr. Speer recommended another month of physical therapy and released her from his care. Plaintiff returned to work in March 1999.

**[1]** Before reaching the merits of defendants' arguments, we must address certain violations of the rules of appellate procedure. Rule 10(c)(1) requires an appellant, in assigning error, to set forth the legal basis for the assignment and to "direct[] the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references." N.C. R. App. P. 10(c)(1) (2004). Here, defendants made the following three assignments of error:

> I. The Full Commission erred in finding *Plaintiff sustained an injury by accident to her left arm arising out of and in the course of her employment with defendant that aggravated or exacerbated her pre-existing left shoulder condition.* (R p 20).

> II. The Full Commission erred in ordering that benefits and medical expenses be paid to Plaintiff by Defendant. (R p 20).

> III. The Full Commission's findings and conclusions are not supported by competent evidence. (R p 20).

(emphasis added). Defendants failed to specify any enumerated findings of fact or conclusions of law, but each assignment of error refers to page twenty of the record, and on page twenty, the following finding of fact appears:

> 11. The competent evidence in the record establishes that *plaintiff sustained an injury by accident to her left shoulder arising out of and in the course of her employment with defendant that aggravated or exacerbated her pre-existing left shoulder condition.*

(emphasis added). Defendants' first assignment of error, which they bring forward with Argument I in their brief, quotes from this finding of fact verbatim. Thus, we have no trouble discerning which finding of fact defendants challenge by this assignment of error. Similarly, the second assignment of error clearly corresponds to the second and third conclusions of law, which granted plaintiff disability compensation and medical expenses, respectively. The third assignment of error, by itself, is too general to preserve for review objections to specific findings of fact. *See In Re Adoption of Shuler*, 162 N.C. App. 328, 331, 590 S.E.2d 458, 460 (2004). However, we conclude that when con-

sidered along with the first two assignments of error, it adequately sets forth the legal basis for the other assignments of error.

Rule 2 of the Appellate Rules of Procedure allows this Court to review an appeal, despite rules violations. N.C. R. App. P. 2 (2005). In *Viar v. N.C. DOT*, our Supreme Court admonished this Court not to use Rule 2 to "create an appeal for an appellant," and vacated the decision of the Court of Appeals. 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). However, in *Viar*, neither of appellant's assignments of error made specific record references and the Court of Appeals had reviewed an assignment of error which was not argued in appellant's brief, as required by Rule 28(b)(6). *Id.* Here, defendants did bring forth their assignments of error with record references in their brief.

Furthermore, this Court, after *Viar*, has chosen to review certain appeals in spite of rules violations. In *Youse v. Duke Energy Corp.*, this Court reviewed appellant's appeal in spite of at least eight rules violations, because "[d]espite the Rules violations, we are able to determine the issues in this case on appeal." 171 N.C. App. 187, 614 S.E.2d 396, 400 (2005). The Court noted that appellee, "in filing a brief that thoroughly responds to [appellant's] arguments on appeal, was put on sufficient notice of the issues on appeal." *Id.*, citing *Viar*. *See also Coley v. State*, 173 N.C. App. 481, 620 S.E.2d 25, 27 (2005) ("Plaintiff's noncompliance with the [appellate] rules . . . is not substantive nor egregious enough to warrant dismissal of plaintiff's appeal"). In contrast, the Court declined to address appellant's broadside assignments of error that were not "followed by citations to the record or transcript [and] none of the assignments of error specify which findings respondent challenges." *N.C. Dep't of Crime Control and Public Safety v. Greene*, 172 N.C. App. 530, 616 S.E.2d 594, 599 (2005). The Court noted that as one assignment of error could have referred to several of the ALJ's and the trial court's findings of fact, it could not "determine which findings of fact respondent challenges and therefore cannot review this assignment of error." *Id.* Here, as discussed, we can easily determine which finding of fact defendants challenge. *Cf., In Re A.E., J.E.*, 171 N.C. App. 675, 615 S.E.2d 53, 56 (2005) (holding that review not properly before court where appellant failed to object at trial and to assign error to challenged testimony); *State v. Buchanan*, 170 N.C. App. 692, 613 S.E.2d 356, 358 (2005) (holding that appellate review not preserved where criminal defendant failed to properly move for dismissal at end of trial).

[2] Defendants argue first that the Commission erred in finding that plaintiff sustained an injury by accident arising out of and in the

**DAVIS v. COLUMBUS CTY. SCHOOLS**

[175 N.C. App. 95 (2005)]

course of her employment that aggravated or exacerbated her pre-existing left shoulder condition. We disagree.

We review decisions of the Industrial Commission to determine "whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000) (citing *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998)). This Court may not "weigh the evidence and decide the issue on the basis of its weight," but must only determine whether the record contains "any evidence tending to support the finding." *Adams*, 349 N.C. at 681, 509 S.E.2d at 414 (internal citation and quotation marks omitted). The Commission is the "sole judge of the weight and credibility of the evidence," and thus, its findings are binding if supported by any evidence, even if the evidence could also have supported a contrary finding. *Deese*, 352 N.C. at 115-16, 530 S.E.2d at 552-53. Furthermore, on appeal, this Court must view the evidence in the light most favorable to plaintiff. *Adams*, 349 N.C. at 681, 509 S.E.2d at 414.

The Workers' Compensation Act states that " '[i]njury and personal injury' shall mean only injury by accident arising out of and in the course of the employment." N.C. Gen. Stat. § 97-2 (6).

[A]n injury arising out of and in the course of employment is compensable only if it is caused by an accident . . . . The term accident, under the Act, has been defined as an unlooked for and untoward event, and a result produced by a fortuitous cause. Unusualness and unexpectedness are its essence. To justify an award of compensation, the injury must involve more than the carrying on of usual and customary duties in the usual way.

*Davis v. Raleigh Rental Center*, 58 N.C. App. 113, 116, 292 S.E.2d 763, 765-66 (1982)(internal quotation marks and citations omitted). Here, the Commission found and concluded, in relevant part, that:

4. On October 26, 1998 plaintiff reported for work with her arm in a sling. As she stood in a hallway talking to a student, the band teacher came up from behind her, grabbed her left arm and spun her around to face him so that he could ask her a question. Plaintiff experienced an immediate onset of pain when this occurred . . .

\*\*\*

10. The circumstances of plaintiff's October 26, 1998 injury constituted an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected circumstances.

11. The competent evidence in the record establishes that plaintiff sustained an injury by accident to her left shoulder arising out of and in the course of her employment with defendant that aggravated or exacerbated her pre-existing left shoulder condition.

\*\*\*

1. On October 26, 1998, plaintiff sustained an injury by accident to her left arm arising out of and in the course of her employment.

Because defendants only preserved review of finding of fact eleven, the other unchallenged findings of fact are conclusive on appeal. *First Union Nat'l Bank v. Bob Dunn Ford, Inc.*, 118 N.C. App. 444, 446, 455 S.E.2d 453, 454 (1995).

Defendants argue that the Commission erred by finding and concluding that plaintiff sustained an injury arising out of and in the course of her employment. This argument addresses finding of fact number eleven, which is a mixed finding of fact and conclusion of law. "Whether an accident arises out of the employment is a mixed question of fact and law, and the [factual] finding of the Commission is conclusive if supported by any competent evidence." *Lee v. F. M. Henderson & Associates*, 284 N.C. 126, 131, 200 S.E.2d 32, 36 (1973) (internal citation and quotation marks omitted). Here, the Commission found, in finding of fact four, that plaintiff was injured while at work, "[a]s she stood in a hallway talking to a student" and "the band teacher came up behind her, grabbed her left arm and spun her around so that he could ask her a question," and concluded that plaintiff's injury arose from her employment. As discussed above, findings four and ten are conclusive on appeal, and we conclude that they support finding eleven and the Commission's conclusion, as plaintiff's injury "had its origin in a risk connected with the employment, and [] flowed from that source as a rational consequence." *Pittman v. Twin City Laundry & Cleaners*, 61 N.C. App. 468, 472, 300 S.E.2d 899, 902 (1983). Plaintiff was grabbed by a co-worker who wished to ask her a question, a situation which had its origin in the employment.

It is well-established that in order to be compensable, an accident must both "arise out of" and happen "in the course of employment,"

and the two phrases are not synonymous, but impose separate conditions which must each be satisfied. N.C. Gen. Stat. § 97-2(6); *Murray v. Biggerstaff*, 81 N.C. App. 377, 380, 344 S.E.2d 550, 552, *disc. review denied*, 318 N.C. 696, 350 S.E.2d 858 (1986). However, defendants here contend only that the accident did not arise out of plaintiff's employment. The term "arising out of" refers to the connection of the accident to the employment. *Pittman*, 61 N.C. App. at 472, 300 S.E.2d at 902. "To be compensable an injury must spring from the employment or have its origin therein." *Perry v. American Bakeries Co.*, 262 N.C. 272, 274, 136 S.E.2d 643, 645 (1964). Furthermore, "[f]or an accident to 'arise out of' the employment, it is necessary that the conditions or obligations of the employment put the employee in the position or at the place where the accident occurs." *Pittman*, 61 N.C. App. at 472, 300 S.E.2d at 902 (internal citation omitted). The accident "need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *Id.* (internal citation omitted).

In order for a Workers' Compensation claim to be compensable, there must be proof of a causal relationship between the injury and the employment. *Anderson v. Northwestern Motor Co.*, 233 N.C. 372, 374, 64 S.E.2d 265, 266 (1951). "[W]here the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). Expert testimony need not show that the work incident caused the injury to a reasonable degree of medical certainty; "[a]ll that is necessary is that an expert express an opinion that *a particular cause was capable of producing this injurious result*." *Peagler v. Tyson Foods, Inc.*, 138 N.C. App. 593, 599-600, 532 S.E.2d 207, 211-12 (2000) (emphasis added). When an injury by accident accelerates or aggravates an employee's pre-existing condition, the injury is compensable. *Anderson*, 233 N.C. at 374, 64 S.E.2d at 267. "In such a case, where an injury has aggravated an existing condition and thus proximately caused the incapacity, the relative contributions of the accident and the pre-existing condition will not be weighed." *Wilder v. Barbour Boat Works*, 84 N.C. App. 188, 196, 352 S.E.2d 690, 694 (1987). We conclude that there was sufficient competent evidence to support finding of fact number eleven, and that this finding, in turn, supports the Commission's conclusions that plaintiff's injury by acci-

dent exacerbated her pre-existing condition and thus entitled her to temporary total disability compensation.

**[3]** In their next argument, defendants assert that the Commission erred in ordering medical benefits be paid by defendants. Defendants argue that because the Commission erred in concluding that plaintiff's accident aggravated her pre-existing shoulder condition, it improperly awarded medical benefits for it. Because we have concluded otherwise, for the reasons discussed above, the Commission's award of medical benefits for plaintiff's compensable injury is proper.

Affirmed.

Chief Judge MARTIN and Judge JACKSON concur.