JOSEPH T. WALSH, Petitioner v. TOWN OF WRIGHTSVILLE BEACH BOARD OF ALDERMAN ACTING AS A BOARD OF ADJUSTMENT, CHARLES W. SMITH, III, and wife, CONSTANCE C. SMITH, Respondents

No. COA05-1478

(Filed 1 August 2006)

**Appeal and Error— violation of appellate rules—dismissal of appeal**

Although petitioner appeals from an order dismissing his petition for writ of certiorari based on lack of standing and lack of subject matter jurisdiction, the appeal is dismissed for failure to comply with the North Carolina Rules of Appellate Procedure, because: (1) petitioner's only assignment of error in the record on appeal lacks references to the record or transcript in violation of N.C. R. App. P. 10(c)(1); (2) petitioner's brief contains no reference to the lone assignment of error or to the numbers and pages by which it appears in the record in violation of N.C. R. App. P. 28(b)(6); and (3) our Supreme Court has stated that the Court of Appeals may not review an appeal that violates the Rules of Appellate Procedure even though such violations neither impede the comprehension of issues nor frustrates the appellate process.

Judge BRYANT concurs in result only.

Judge HUNTER dissenting.

Appeal by petitioner from order entered 29 August 2005 by Judge Benjamin G. Alford in New Hanover County Superior Court. Heard in the Court of Appeals 17 May 2006.

*Carolina Legal Counsel, by J. Wesley Casteen, for petitioner-appellant.*

*Murchison, Taylor & Gibson, PLLC, by Michael Murchison and Wessell & Rainey, LLP, by John C. Wessell, III, for respondents-appellees.*

CALABRIA, Judge.

Joseph T. Walsh ("the petitioner") appeals the order dismissing his petition for writ of certiorari for a lack of standing and a lack of subject matter jurisdiction. We dismiss for failure to comply with the North Carolina Rules of Appellate Procedure.

The petitioner owns real property at 308 Coral Drive in Wrightsville Beach, North Carolina. Charles W. Smith, III, and his wife, Constance C. Smith ("respondents") own property formerly owned by petitioner ("the Smith property") adjacent to petitioner's property. In July 2003, respondents contacted the Wrightsville Beach Development Code Administrator ("the Administrator") to determine whether their lots constituted two buildable lots. On 1 August 2003, the Administrator determined the Smith's property constituted two buildable lots.

On 4 April 2004, respondents applied for building permits to construct two single family beach cottages on the Smith property. On 6 July 2004, the Town of Wrightsville Beach ("the Town") issued building permits to respondents. On 29 July 2004, the petitioner appealed the Administrator's determination to the Wrightsville Beach Board of Alderman sitting as a Board of Adjustment ("the Board"). On 18 November 2004, the Board denied the petitioner's appeal and subsequently filed the order. On 20 January 2005, the petitioner filed a petition for writ of certiorari pursuant to N.C. Gen. Stat. § 160A-388(e) to review the Board's denial of his appeal. On 25 May 2005, respondents filed a motion to dismiss the petition. On 24 August 2005, Superior Court Judge Benjamin G. Alford granted respondents' motion to dismiss for lack of standing and lack of subject matter jurisdiction. The petitioner appeals.

The petitioner argues the trial court erred in granting respondents' motion to dismiss. The petitioner contends he is an aggrieved party who will suffer special damages if respondents build two cottages on their property. We dismiss the appeal for failure to comply with two of the North Carolina Rules of Appellate Procedure.

The first rule, N.C. R. App. P. 10(c)(1) (2005) states, in pertinent part, "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references.*" (emphasis added). In the instant case, petitioner's only assignment of error in the record on appeal lacks references to the record or transcript. Immediately after the lone assignment of error, petitioner lists "(Items # 21 and 22)." Apparently, petitioner referenced finding and conclusion numbers 21 and 22 of the trial court's order. However, Rule 10(c)(1) requires record and transcript references, not the identity of the findings and objections to which appellant objects. Our Supreme Court recently held, in accordance with Rule 10(c)(1),

that appellants must reference each assignment of error with clear and specific record or transcript references. *See Munn v. N.C. State Univ.*, 360 N.C. 353, 626 S.E.2d 270 (2006), rev'g per curiam for reasons stated in 173 N.C. App. 144, 617 S.E.2d 335 (2005) (Jackson, J., dissenting).

Second, N.C. R. App. P. 28(b)(6) (2005), the rule which governs the required contents of an appellant's brief, states "[i]mmediately following each question *shall* be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." However, the petitioner's brief contains no reference to the lone assignment of error nor the numbers and pages by which it appears in the record. Recently, our Supreme Court reaffirmed that "[t]he North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360, *reh'g denied*, 359 N.C. 643, 617 S.E.2d 662 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)).

The dissent maintains "[t]o require the automatic dismissal of all cases for [such] hyper-technicalities was surely not the intention of our Supreme Court in *Viar*[.]" However, our Supreme Court in *Viar* dismissed for multiple Rules violations, including Rules some may deem "hyper-technical." *See id.*, 610 S.E.2d at 361 (dismissing plaintiff's appeal for Rules violations including failure to reference each assignment of error with clear and specific record or transcript references in violation of Rule 10(c)(1)). Additionally, in *Munn, supra,* our Supreme Court recently reaffirmed their holding in *Viar* by dismissing an appeal for failure to comply with Rule 10(c)(1) because the plaintiff neglected to include record or transcript references with each assignment of error. Though the dissent cites to *Hammonds v. Lumbee River Elec. Membership Corp.*, 178 N.C. App. 1, —— S.E.2d —— (June 20, 2006) (COA05-733), that decision is in direct contravention of *Viar* and *Munn, supra,* in addressing questions not properly preserved for appellate review due to multiple Rules violations, including Rules 10(c)(1) and 28(b)(6). Additionally, a panel of this Court has held in a prior published opinion that "this Court may not review an appeal that violates the Rules of Appellate Procedure *even though such violations neither impede our comprehension of the issues nor frustrate the appellate process.*" *State v. Buchanan*, 170 N.C. App. 692, 695, 613 S.E.2d 356, 357 (2005) (emphasis added). "Where a panel of the Court of Appeals has decided the same issue,

albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Consequently, "[w]hile . . . a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is *bound* by that prior decision until it is overturned by a higher court." *State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004) (emphasis added). Therefore, the dissent, while free to note disagreement or point toward perceived error, is bound by *Buchanan, supra*, notwithstanding the holding in *Hammonds*.

Therefore, since petitioner's single assignment of error and accompanying brief to this Court violate both N.C. R. App. P. 10(c)(1) and 28 (b)(6), we dismiss this appeal.

Dismissed.

Judge BRYANT concurs in the result only.

Judge HUNTER dissents with a separate opinion.

HUNTER, Judge, dissenting.

Because petitioner's assignment of error and brief sufficiently direct this Court to the sole error assigned and do not impede respondent's comprehension of the issue, I respectfully dissent from the majority's holding that petitioner's appeal should be dismissed for violations of our Rules of Appellate Procedure. I would therefore elect to use Rule 2 to review the merits of petitioner's appeal.

Both the North Carolina Supreme Court and this Court have held that the Rules of Appellate Procedure are mandatory and a failure to follow those rules will subject an appeal to dismissal. *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360, *rehearing denied*, 359 N.C. 643, 617 S.E.2d 662 (2005); *N.C. Dep't of Crime Control & Pub. Safety v. Greene*, 172 N.C. App. 530, 535, 616 S.E.2d 594, 599 (2005). However this Court has recently held that:

> Since the decision of the Supreme Court in *Viar*, this Court has not treated violations of the Rules as grounds for automatic dismissal. Instead, the Court has weighed (1) the impact of the violations on the appellee, (2) the importance of upholding the

integrity of the Rules, and (3) the public policy reasons for reaching the merits in a particular case.

*Hammonds v. Lumbee River Elec. M'ship Corp.*, 178 N.C. App. 1, 15, 631 S.E.2d 1, 10 (2006). As noted in a prior holding of this Court, the purposes of Rule 10 include " 'identify[ing] for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position[,]' " and allowing "our appellate courts to 'fairly and expeditiously' review the assignments of error without making a 'voyage of discovery' through the record in order to determine the legal questions involved." *Rogers v. Colpitts*, 129 N.C. App. 421, 422, 499 S.E.2d 789, 790 (1998) (citations omitted).

In the case of *State ex rel. Howes v. Ormond Oil & Gas Co.*, 128 N.C. App. 130, 493 S.E.2d 793 (1997), the appellant presented one assignment of error for review by this Court, but referenced an incorrect record page number following the assignment of error. *Id.* at 133, 493 S.E.2d at 795. The appellee contended that this failure to follow the appellate rules warranted dismissal of the appeal. *Id. Howes* held because the facts of the case were limited and the assignment of error was specific, the Court's attention was sufficiently directed to the particular error assigned. *Id.*

Similarly, in this case, petitioner presents one assignment of error from the trial court's sole order entered in the matter for this Court's review. Appellant's sole assignment of error states:

In this matter, the court improperly granted the Motion to Dismiss for lack of standing, which was brought by the Respondents Smith, in that the primary issue of the appeal brought by Petitioner turns on the application of a rule of law; therefore, Petitioner is a proper person to bring an appeal of an erroneous application of law by the Town of Wrightsville Beach. However, the court improperly ruled that Petitioner did not have standing as an "aggrieved party" necessary for judicial review of the Order entered by the Town of Wrightsville Beach (Item #22) basing its ruling of [sic] the finding that, "[Petitioner] failed to establish that the Development Code Administrator's decision would cause [Petitioner] special damages distinct from the rest of the community resulting in a reduction of the values of his property." (Items # 21 and 22).

Items #21 and 22 reference the findings and conclusions made by the trial court in its order dismissing the petition due to petitioner's lack of standing and subject matter jurisdiction, which are pertinent to petitioner's assignment of error. Although petitioner neglected to include the proper record citations required by Rules 10 and 28, "because of the limited facts in this case and because the assignment of error is so specific in nature, [appellant]'s assignment of error sufficiently directs this [C]ourt to the particular error assigned." *Howes*, 128 N.C. App. at 133, 493 S.E.2d at 795. In this case, the assignment of error is sufficient to permit this Court to " 'fairly and expeditiously' " review the legal question raised by petitioner without making a " 'voyage of discovery' " through the record. *See Rogers*, 129 N.C. App. at 422, 499 S.E.2d at 790.

Furthermore, respondents do not raise the issue of petitioner's appellate rules violations to this Court, and have filed a brief thoroughly responding to petitioner's arguments, indicating they were put on sufficient notice of the issues on appeal. *See Youse v. Duke Energy Corp.*, 171 N.C. App. 187, 191-92, 614 S.E.2d 396, 400 (2005) (electing to review the plaintiff's appeal pursuant to Rule 2 despite finding that the plaintiff had committed numerous rules violations, including failing to reference the record page numbers on which her assignments of error appeared, as the Court was able to determine the issues in the case on appeal and the defendant was put on sufficient notice of the issues on appeal as evidenced by the filing of a brief that thoroughly responded to the plaintiff's arguments on appeal). In this case, petitioner's assignment of error was sufficient to identify for respondents the legal question for appeal so that respondents could properly assess the sufficiency of the proposed record to protect their position.

Here, due to the limited facts and highly specific nature of petitioner's sole assignment of error, petitioner's rules violations had little to no impact on this Court's ability to readily discern the question of law presented, and did not deprive respondents of notice as to the issue on appeal. The application of Rule 2 in this Court's discretion to review the appeal would therefore be appropriate.

Rule 2 of the North Carolina Rules of Appellate Procedure permits this Court to review an appeal, despite violations of the appellate rules. N.C.R. App. P. 2; *see Bald Head v. Village of Bald Head*, 175 N.C. App. 543, 545-46, 624 S.E.2d 406, 408 (2006). As noted in *State v. Johnston*:

"[Rule 2] expresses an obvious residual power possessed by any authoritative rule-making body to suspend or vary operation of its published rules in specific cases where this is necessary to accomplish a fundamental purpose of the rules . . . [and] may be drawn upon by either appellate court where the justice of doing so or the injustice of failing to do so is made clear to the court."

*Johnston*, 173 N.C. App. 334, 339, 618 S.E.2d 807, 810 (2005) (quoting N.C.R. App. P. 2, Commentary (1977)). As has been previously noted by this Court, however, our Supreme Court in *Viar* "admonished this Court not to use Rule 2 to 'create an appeal for an appellant[.]' " *Davis v. Columbus Cty. Schools*, 175 N.C. App. 95, 98, 622 S.E.2d 671, 674 (2005) (quoting *Viar*, 359 N.C. at 402, 610 S.E.2d at 361). *Viar* specifically noted that the underlying majority opinion in that case illustrated the need for consistent application of the Appellate Rules as it addressed an issue not raised or argued by the appellant, leaving the appellee "without notice of the basis upon which an appellate court might rule." *Viar*, 359 N.C. at 402, 610 S.E.2d at 361.

In cases where the use of Rule 2 does not "create an appeal for an appellant," however, this Court has continued to use the discretionary power vested within the Rule. *See Bald Head*, 175 N.C. App. at 545, 624 S.E.2d at 408, (holding that "because plaintiffs submitted their notice of errata before oral argument, and because we need not 'create an appeal' for appellants, we choose to review the appeal pursuant to our discretion under Rule 2"); *Coley v. State*, 173 N.C. App. 481, 483, 620 S.E.2d 25, 27 (2005) (holding that the decision "not to dismiss the present case for minor rules violations does not lead us to 'create an appeal for an appellant' or to examine any issues not raised by the appellant"), *affirmed as modified by* 360 N.C. 493, 631 S.E.2d 121 (2006).

Much like in *Bald Head* and *Coley*, review of this case, despite petitioner's technical rules violations, would not "create an appeal" or examine an issue not raised by petitioner. Rather, dismissal of petitioner's case for such technical rules violations, when petitioner's assignment of error and brief are sufficient to direct the attention of this Court and the appellee to the sole issue on appeal, would require mandatory dismissal of all cases where a minor violation of our appellate rules has occurred, even those which neither impede the work of the Court nor disadvantage the appellee. To require the automatic dismissal of all cases for hyper-technicalities was surely not the intention of our Supreme Court in its decision in *Viar*, for to read the holding otherwise would eviscerate this Court's ability to use Rule 2

to "prevent manifest injustice to a party, or to expedite decision in the public interest[.]" N.C.R. App. P. 2. As recently noted by this Court in *Hammonds*, "while the integrity of the Rules is important and must be upheld, lest the Rules become meaningless, we believe that maintaining the integrity of our laws through proper interpretation and application outweighs the importance of dismissal in a case in which Rule violations had little to no impact." *Hammonds*, 178 N.C. App. at 15, 631 S.E.2d at 10. Therefore, under the circumstances of this case, I would review the matter on its merits.