IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-372

Filed 7 January 2026

Nash County, No. 20CVS001184-630

WILLIAM FITZGERALD CRUMEL, Plaintiff,

v.

MELISSA CROOM MORTON and SARAH ELIZABETH ANNE MORTON, Defendants.

Appeal by Unnamed Defendant from Order entered 29 October 2024 by Judge William D. Wolfe in Nash County Superior Court. Heard in the Court of Appeals 29 October 2025.

> *No brief filed for Plaintiff-Appellee William Fitzgerald Crumel.*
>
> *Poyner Spruill LLP, by J. Nicholas Ellis and John J. Ferebee, III, for Defendants-Appellees Melissa Croom Morton and Sarah Elizabeth Anne Morton.*
>
> *Pinto Coates Kyre & Bowers, PLLC, by Britney M. Millisor, Richard L. Pinto, and Lyn K. Broom, for Unnamed Defendant-Appellant Pennsylvania National Mutual Casualty Insurance Company.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Pennsylvania National Mutual Casualty Insurance Company (Unnamed Defendant) appeals from an Order denying its Rule 60(b)(6) Motion for Relief from Judgment and denying its Motion to Enforce Settlement. The Record before us tends

to reflect the following:

On 10 November 2017, William Crumel (Plaintiff) was involved in a car accident with Melissa and Sarah Morton (Defendants). On 6 January 2020, Defendants' insurer, North Carolina Farm Bureau Insurance Group (NCFB),[1] offered to tender its policyholder limit of $30,000 to Plaintiff in exchange for a release from further liability as to any future claims against NCFB and Defendants. On 20 January 2020, Unnamed Defendant, Plaintiff's insurer, advised NCFB it would be advancing the $30,000 payment to Plaintiff to protect its subrogation rights.

On 18 September 2020, Plaintiff filed a Complaint against Defendants alleging the November 2017 car accident was a result of Defendants' negligence. Defendants filed their Answer denying the allegations and asserting the defense of contributory negligence on 4 January 2021. On 7 April 2021, Unnamed Defendant, as the insurer providing underinsured motorist coverage to Plaintiff, filed a Notice of Appearance and Conditional Answer pursuant to N.C. Gen. Stat. § 20-279.21(b)(4).[2]

Despite attempts at settling the matter, a trial date was ultimately set for 13 June 2022. However, Plaintiff voluntarily dismissed the action without prejudice

---

[1] NCFB is not a party to the present action.

[2] "A party injured by the operation of an underinsured highway vehicle who institutes a suit for the recovery of moneys for those injuries and in such an amount that, if recovered, would support a claim under underinsured motorist coverage shall give notice of the initiation of the suit to the underinsured motorist insurer as well as to the insurer providing primary liability coverage upon the underinsured highway vehicle. Upon receipt of notice, the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party." N.C. Gen. Stat. § 20-279.21(b)(4) (2023).

pursuant to Rule 41 of the North Carolina Rules of Civil Procedure on 23 May 2022. Settlement discussions continued between the parties over the course of the next year, but eventually NCFB and Defendants allegedly indicated a refusal to settle the matter.

On 18 October 2024, Unnamed Defendant filed a Motion to Enforce Settlement. On 21 October 2024, at the hearing on the Motion to Enforce Settlement, Plaintiff made an oral Motion to set aside his prior voluntary dismissal and resurrect the original action under Rule 60(b)(6) of the North Carolina Rules of Civil Procedure.[3] Plaintiff and Unnamed Defendant asserted NCFB and Defendants had agreed to settle the matter but now would not comply with the agreement. The parties acknowledged that in order to seek judicial enforcement of the alleged settlement agreement, they could either: (1) petition the trial court to set aside the voluntary dismissal and reopen the original case pursuant to Rule 60(b)(6), or (2) file "a whole new lawsuit" asserting a claim on the alleged settlement agreement. Counsel for Unnamed Defendant stated they had elected to exercise the former option under Rule 60(b)(6) because filing a lawsuit on the alleged settlement agreement didn't "seem very efficient." Unnamed Defendant argued justice demanded setting aside the dismissal so that it could seek judicial enforcement of the alleged settlement agreement.

---

[3] The Rule 60(b)(6) Motion was made by Plaintiff, but Unnamed Defendant argued most of its substance.

Following argument on the Rule 60(b)(6) Motion, Unnamed Defendant argued its Motion to Enforce Settlement. Unnamed Defendant further elaborated on the argument it presented in support of its Rule 60(b)(6) Motion, explaining why it believed a settlement agreement existed between the parties and how NCFB and Defendants had refused to comply. Defendants, for their part, maintained they had never entered into a settlement agreement. The trial court took both Motions under advisement.

On 29 October 2024, the trial court entered an Order denying the Rule 60(b)(6) Motion for Relief from Judgment and denying the Motion to Enforce Settlement "procedurally and on its merits." On 25 November 2024, Unnamed Defendant timely filed Notice of Appeal.[4]

## Issues

The issues on appeal are whether the trial court: (I) abused its discretion in denying the Rule 60(b)(6) Motion for Relief from Judgment; and (II) erred in ruling on the Motion to Enforce Settlement.

## Analysis

I.     Rule 60(b)(6) Motion

" '[A] motion for relief under Rule 60(b) is addressed to the sound discretion of

---

[4] Although Plaintiff brought the Rule 60(b)(6) Motion in the trial court, Plaintiff did not appeal the trial court's Order denying the Rule 60(b)(6) Motion, nor has he submitted any arguments to this Court.

the trial court and appellate review is limited to determining whether the court abused its discretion.' " *Yang Real Est. Invs., LLC v. Affordable Mini Storage of Newton, LLC*, _ N.C. App. _, _, 920 S.E.2d 231, 235 (2025) (quoting *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E.2d 532, 541 (1975)). An abuse of discretion results when the trial court's ruling is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Brown v. Foremost Affiliated Ins. Servs. Inc.*, 158 N.C. App. 727, 732, 582 S.E.2d 335, 339 (2003) (citation and quotation marks omitted).

As a threshold matter, we address Defendants' assertion that Unnamed Defendant cannot use Rule 60(b)(6) to seek relief from Plaintiff's voluntary dismissal because a voluntary dismissal without prejudice is not a "final adjudication" for the purposes of Rule 60(b). Under Rule 60(b) of the North Carolina Rules of Civil Procedure, the trial court may "relieve a party or his legal representative from a final judgment, order, or proceeding" for a number of reasons, including any reason "justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2023). Generally, "relief from a voluntary dismissal is not available pursuant to Rule 60(b), because no relief is sought from an order, judgment, or proceeding as contemplated by the Rule." *Troy v. Tucker*, 126 N.C. App. 213, 215, 484 S.E.2d 98, 99 (1997). However, "once the one-year period for refiling an action has elapsed and the action can no longer be resurrected, the voluntary dismissal acts as a final adjudication for purposes of Rule 60(b)." *Robinson v. Gen. Mills Rests.*, 110

N.C. App. 633, 637, 430 S.E.2d 696, 698 (1993).

Here, Plaintiff voluntarily dismissed the original action on 23 May 2022. Thus, over two years had passed when Plaintiff and Unnamed Defendant made their Rule 60(b)(6) Motion on 21 October 2024. Therefore, Plaintiff's voluntary dismissal constituted a final adjudication from which Unnamed Defendant could seek relief under Rule 60(b)(6). *See id.* However, we further conclude the trial court did not abuse its discretion in denying the Rule 60(b)(6) Motion.

"The test for whether a judgment, order or proceeding should be modified or set aside under Rule 60(b)(6) is two pronged: (1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that relief be granted." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987) (citation omitted). "[R]elief should be forthcoming only where both requisites exist." *Huggins v. Hallmark Enters., Inc.*, 84 N.C. App. 15, 25, 351 S.E.2d 779, 785 (1987) (quoting *Baylor v. Brown*, 46 N.C. App. 664, 670, 266 S.E.2d 9, 13 (1980)).

Unnamed Defendant's sole argument for setting aside Plaintiff's voluntary dismissal is essentially a substantive argument asserting Defendants and NCFB have breached the alleged settlement agreement. Unnamed Defendant has presented lengthy arguments to this Court as to why there is a valid settlement agreement, how NCFB and Defendants have breached that agreement, and effectively contends NCFB and Defendants will "get away with" breach of the settlement agreement if Plaintiff's voluntary dismissal is not set aside so that

Unnamed Defendant may seek relief in the original action. *See generally Est. of Barber v. Guilford Cnty. Sheriff's Dep't*, 161 N.C. App. 658, 662, 589 S.E.2d 433, 436 (2003) ("[T]o specifically enforce the terms of the settlement agreement[,] Defendant could: (1) take a voluntary dismissal of his original action and then institute a new action on the contract, or (2) seek to enforce the settlement agreement by petition or motion in the *original* action." (emphasis in original) (citing *State ex rel. Howes v. Ormond Oil & Gas Co., Inc.*, 128 N.C. App. 130, 136, 493 S.E.2d 793, 796-97 (1997))).

At the hearing in the instant case, counsel for Unnamed Defendant acknowledged it could have elected to enforce the alleged settlement agreement through filing a separate claim for breach of contract but instead chose to seek enforcement of the alleged agreement by asking the trial court to reopen the original action pursuant to Rule 60(b)(6) because filing a separate claim didn't "seem very efficient." We are not persuaded Unnamed Defendant has shown extraordinary circumstances exist or that justice demands setting aside Plaintiff's voluntary dismissal where Unnamed Defendant has conceded a separate avenue exists to pursue its desired relief. *See id.*

Unnamed Defendant took a strategic risk in pursuing relief through a Rule 60(b) motion rather than through a separate action on the alleged settlement

agreement.[5] *Cf. Sessions v. Sloane*, 248 N.C. App. 370, 387, 789 S.E.2d 844, 857 (2016) (holding trial court did not abuse its discretion in declining to conduct in camera review of documents where defendants "took a strategic risk in not submitting the documents to be sealed for *in camera* review."). Nonetheless, both Plaintiff and Unnamed Defendant acknowledged the decision to set aside Plaintiff's voluntary dismissal was fully within the trial court's sound discretion, and "[o]ur Supreme Court has indicated that this Court cannot substitute 'what it consider [s] to be its own better judgment' for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it 'probably amounted to a substantial miscarriage of justice.'" *Huggins*, 84 N.C. App. at 25, 351 S.E.2d at 785 (quoting *Worthington v. Bynum*, 305 N.C. 478, 486-87, 290 S.E.2d 599, 604-05 (1982)).

Thus, Unnamed Defendant has not shown extraordinary circumstances exist and that justice demands relief to justify setting aside Plaintiff's voluntary dismissal of the original action under Rule 60(b)(6). *See Howell*, 321 N.C. at 91, 361 S.E.2d at 588 (citation omitted). Therefore, on the facts before us, the trial court did not abuse its discretion in denying Unnamed Defendant's Rule 60(b)(6) Motion for Relief from Judgment.

II.    Motion to Enforce Settlement

---

[5] We express no opinion as to the existence of the alleged settlement agreement or whether Unnamed Defendant has a valid claim for breach of the alleged settlement agreement. Likewise, we express no opinion on Defendants' arguments that Unnamed Defendant's claim is barred by the statute of limitations.

Unnamed Defendant next argues, because the trial court denied its Rule 60(b)(6) Motion, the trial court's Order denying its Motion to Enforce Settlement must be vacated for lack of jurisdiction. Defendants, for their part, argue Unnamed Defendant should be judicially estopped from asserting this argument because the Motion to Enforce Settlement was filed by Unnamed Defendant and heard at Unnamed Defendant's request.

Generally, "a party is not entitled to seek relief on appeal from a trial court action the party invited." *In re K.B.C.*, 295 N.C. App. 619, 625, 906 S.E.2d 840, 845 (2024) (citing *Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994)) (other citations omitted). However, we give special consideration to issues of jurisdiction; indeed, "[a] universal principle as old as the law is that proceedings of a court without jurisdiction over the subject matter are a nullity and its judgment without effect either on the person or property." *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (citations omitted). Accordingly, we will address Unnamed Defendant's jurisdictional argument.

" 'It is well established that where [a] plaintiff takes a voluntary dismissal pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 41(a)(1), no suit is pending thereafter on which the court could make a final order.' " *TOG Props., LLC v. Pugh*, 276 N.C. App. 422, 426, 857 S.E.2d 535, 539 (2021) (alterations in original) (quoting *Ward v. Taylor*, 68 N.C. App. 74, 78, 314 S.E.2d 814, 818 (1984)). Here, Plaintiff voluntarily dismissed the original action in the instant case pursuant to Rule 41(a) on 23 May 2022, which

effectively closed the file and left no suit pending upon which the trial court could enter an order. *See id.*; *see also Walker Frames v. Shively*, 123 N.C. App. 643, 646, 473 S.E.2d 776, 778 (1996) ("A Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case . . . ."). Unnamed Defendant later sought relief from the dismissal; however, because the trial court denied its Rule 60(b)(6) Motion, Plaintiff's voluntary dismissal remained in force with no action pending.

Thus, because there was no action pending, the trial court did not have jurisdiction to rule on Unnamed Defendant's Motion to Enforce Settlement. *See TOG Props.,* 276 N.C. App. at 426*,* 857 S.E.2d at 539. Therefore, the trial court's Order denying Unnamed Defendant's Motion to Enforce Settlement is void for lack of jurisdiction. Consequently, we vacate the portion of the trial court's Order denying Unnamed Defendant's Motion to Enforce Settlement.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's denial of the Rule 60(b)(6) Motion for Relief from Judgment. We vacate the trial court's denial of the Motion to Enforce Settlement.


AFFIRMED IN PART; VACATED IN PART.

Chief Judge DILLON and Judge STADING concur.